IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BELL BCI COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1613C<br>(Judge Wolski) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of information sufficient to form a response.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the solicitation, which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by a contract between NIH and HLM Design, which is the best evidence of its contents; otherwise denies.

5. Admits the allegations contained in paragraph 5 to the extent supported by the original design documents, which are the best evidence of their contents; otherwise denies.

6. Admits the allegations contained in paragraph 6 to the extent supported by the original design documents, which are the best evidence of their contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the original design documents, which are the best evidence of their contents; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the solicitation, which is the best evidence of its contents; otherwise denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the solicitation and the cited offer and NIH letter, which are the best evidence of their contents; otherwise denies.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract and the cited regulation, which are the best evidence of their contents; otherwise denies.

16. Admits.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17; otherwise admits.

18. Admits with the exception of the adverb "immediately," which is denied as vague.

19. Denies the allegations contained in the first and second sentences of paragraph 19. Admits the allegations contained in the third sentence of paragraph 19 to the extent supported by the cited schedule update, which is the best evidence of its contents; otherwise denies.

20. The allegations contained in paragraph 20 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in the first sentence of paragraph 21. Denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in the first and third sentences of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22; specifically denies that NIH represented that the new floor would follow the original third floor design, and that NIH "directed" plaintiff to submit a proposal; avers that plaintiff voluntarily bid upon the additional work.

23. Denies for lack of information sufficient to form a response.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24 through and including the word "schedule"; otherwise admits.

25. Admits.

26. Admits.

27. Admits the allegations contained in the first sentence of paragraph 27, and in the second sentence of paragraph 27 after the words "3rd Floor," to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies.

28. Admits the allegations contained in paragraph 28 to the extent supported by the cited change order, which is the best evidence of its contents; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

30. Admits.

31. Admits the allegations contained in paragraph 31 to the extent supported by the cited change bulletins, which are the best evidence of their contents; otherwise denies.

32. Admits the allegations contained in the first sentence of paragraph 32 to the extent supported by the change bulletin, which is the best evidence of its contents; otherwise denies.

33. Admits the allegations contained in paragraph 33 to the extent supported by the cited change order, which is the best evidence of its contents; otherwise denies.

34. Admits the allegations contained in paragraph 34 to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies.

35. Admits the allegations contained in paragraph 29 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

36. Admits; avers that plaintiff desired to perform the "fit out" work.

37. Admits only that plaintiff made the allegations recited in paragraph 37 following the first comma; the allegations recited in paragraph 37 following the first comma constitute conclusions of law and plaintiff's characterization of its case,

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies.

39. The allegations contained in paragraph 39 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Denies the allegations contained in the first sentence of paragraph 40; avers that the phrase "coincided with the release and pricing of" contained in the first sentence of paragraph 40 is vague. The allegations contained in the second, third, and fourth sentences of paragraph 40 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in the first sentence of paragraph 41, and the accuracy of the quotations contained in the second sentence of paragraph 42, to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

42. Admits the allegations contained in paragraph 42 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

43. Admits the allegations contained in paragraph 43 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

44. Admits the allegations contained in paragraph 44 to the extent supported by the cited submittal, which is the best evidence of its contents; otherwise denies.

45. Denies the allegations contained in the third sentence of paragraph 45 before the comma for lack of information sufficient to form a response; denies the allegations contained in the fifth sentence of paragraph 45; otherwise admits, except for the word "extensive" contained in the first sentence of paragraph 45 and the word "disproportionate" contained in the second sentence of paragraph 45, which are vague.

46. The allegations contained in the first sentence of paragraph 46 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 46 to the extent supported by the cited schedule documents, which are the best evidence of their contents; otherwise denies.

47. Denies the allegations contained in the first sentence of paragraph 47. Admits the allegations contained in the second sentence of paragraph 47 after the word "few"; the allegations contained in the second sentence of paragraph 47 through and including the word "few" constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admits the allegations contained in paragraph 48 after the word "basis"; the allegations contained in paragraph 48 through and including the word "basis" constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits the allegations contained in paragraph 49 regarding only the date of the cited modification to the extent supported by the modification, which is the best evidence of its contents; otherwise denies.

50. Admits the allegations contained in paragraph 50 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies; specifically denies that there existed any implicit reservation of rights.

51. Admits the allegations contained in paragraph 51 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

52. Admits the allegations contained in paragraph 51 to the extent supported by the cited contract modification, which is the best evidence of its contents; otherwise denies.

53. Admits the allegations contained in paragraph 53 after the word "thereafter" to the extent supported by the cited modification, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53 after the word "thereafter"; the allegations contained in paragraph 53 through and including the word "thereafter" constitute

conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in the second sentence of paragraph 55 after the word "issued" and before the word "NIH" constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise admits.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; specifically denies that plaintiff included reservations of rights in contract modifications signed before July 2001.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case,

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in the first sentence of paragraph 60 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise admits.

61. Admits the allegations contained in the third sentence of paragraph 61 to the extent supported by the cited extra work order, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 61; otherwise admits.

62. The allegations contained in paragraph 62 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

63. Admits only that plaintiff made the allegations recited in paragraph 63 after the word "that"; the allegations recited in paragraph 63 after the word "that" constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

64. Denies.

65. Denies.

66. The allegations contained in the second, third, and fourth sentences of paragraph 66 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise denies.

67. The allegations contained in paragraph 67 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. Admits the allegations contained in paragraph 71 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

72. Admits the allegations contained in paragraph 72 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

73. Admits the allegations contained in paragraph 73 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise denies.

74. Admits the allegations contained in paragraph 74 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise denies.

75. Admits the allegations contained in paragraph 74 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise denies.

76. The allegations contained in paragraph 76 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

78. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

79. The allegations contained in paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

81. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

82. The allegations contained in paragraph 82 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

85. The allegations contained in paragraph 85 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. The allegations contained in paragraph 86 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 constitute conclusions of law and plaintiff's characterization of its case,

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

88. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

89. The allegations contained in paragraph 89 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

90. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

91. The allegations contained in paragraph 91 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

93. Defendant's responses to the allegations contained in the cited paragraphs above are incorporated by reference.

94. The allegations contained in paragraph 94 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 constitute conclusions of law and plaintiff's characterization of its case,

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. Denies that plaintiff is entitled to the relief requested in the six "WHEREFORE" paragraphs immediately following paragraph 96, or to any relief whatsoever.

98. Denies each and every allegation not previously admitted or qualified.

AFFIRMATIVE DEFENSES

99. Plaintiff’s claims are barred in whole or in part by accord and satisfaction.

100. Plaintiff's claims are barred in whole or in part by payment.

101. Plaintiff’s claims are barred in whole or in part by equitable estoppel.

102. Plaintiff’s claims are barred in whole or in part by waiver.

103. Plaintiff’s claims are barred in whole or in part by laches.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

KRYSTAL A. JORDAN
Attorney
Procurement, Fiscal and
Information Law Branch
Office of General Counsel
Department of Health and
Human Services

September 26, 2003

CERTIFICATE OF FILING

I certify that on September 26, 2003, the attached document was filed by means of the Court's electronic filing system. I understand that service upon opposing counsel will be made by the Court's system.

s/Kyle Chadwick