**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BELL BCI COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-1613C** |
| | ) | **(Judge Wolski)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of this Court ("RCFC"), the parties respectfully submit this Joint Preliminary Status Report.

(a) Does the Court have jurisdiction over the action?

Plaintiff believes that the Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1491(b). At this time, defendant is unaware of any basis for the Court's lack of jurisdiction.

(b) Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case presently pending before the Court.

(c) Should the trial of liability and damages be bifurcated?

The parties do not believe that liability and damages should be bifurcated in this case because the issues and evidence relating to liability substantially overlap and are intertwined with the issues and evidence relevant to damages.

(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of any other case pending before this Court or any other tribunal.

(e) Will a remand or suspension be sought?

Neither party presently intends to seek a remand or suspension.

(f) Will additional parties be joined?

Neither party anticipates joining any additional parties.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and if so, a schedule of the intended filing?

At this time, the parties do not contemplate the filing of any dispositive motions pursuant to RCFC 12 (b) or (c). Upon the completion of discovery, plaintiff expects to file a motion pursuant to RCFC 56 for summary judgment as to the government's liability.

Defendant expects to file a motion for partial summary judgment regarding the accord and satisfaction defense described below in defendant's statement of the issues, within 60 days.

(h) What are the relevant factual and legal issues?

At this point in the case, the parties have identified the issues set forth below as relevant to this action. Additional relevant issues may become apparent as the case proceeds.

Plaintiff's Statement of the Issues:

1. Whether the Contracting Officer's Decision rejecting the plaintiff, BELL BCI Company's ("BELL"), Request for Equitable Adjustment ("REA") should be overruled and judgment should be entered in BELL's favor on its REA, because the Contracting Officer's decision was unreasonable, an abuse of discretion, and/or not in accordance with the terms of the contract between BELL and the Government (the "Contract") and the relevant law and facts. BELL maintains that it performed a substantial amount of additional work and was forced by the

Government's actions and inaction to work in a disruptive manner that negatively impacted and delayed BELL's performance.

2. Whether the Contracting Officer's Decision finding that the Government had claims against BELL for alleged liquidated damages, credits owed, retesting costs and estimated costs for major deficiencies and any other alleged set-offs should be overruled and judgment should be entered in BELL's favor on those claims, because the Contracting Officer's determination was unreasonable, an abuse of discretion, and/or not in accordance with the terms of the Contract and the relevant law and facts.

3. Whether the Government materially and inexcusably breached the Contract by delaying and disrupting BELL's performance, by directing BELL to perform additional work without paying BELL for its direct costs and for the delays and inefficiencies that BELL incurred, by refusing to grant BELL an extension of time to complete the work, and by refusing to pay BELL its Contract balance.

4. Whether the changes that the Government made to the scope of work that it required BELL to perform were beyond the changes provision agreed to in the Contract and so substantial as to constitute a cardinal change entitling BELL to recover damages, plus delay and other costs arising therefrom.

5. Whether the Contracting Officer's Decision rejecting the REAs prepared by subcontractors to BELL and that BELL passed through to the Contracting Officer for consideration should be overruled.

6. Whether pursuant to the doctrine of promissory estoppel, the Government is liable to BELL for damages that BELL incurred in reasonable reliance upon the Government's representations that if BELL agreed to enter into Contract Modification No. 93, the Government would make only a few minor changes thereafter.

7. BELL believes that the Government's assertions in its statement of issues (set forth below) regarding the Government's plan to move for partial summary judgment are factually and legally inaccurate. Furthermore, BELL maintains that it is entitled to discovery from the Government before partial summary judgment could be granted in either party's favor.

Defendant's Statement of the Issues:

The Government views this as a fairly typical construction delay and disruption case, except that defendant believes its affirmative defense of accord and satisfaction, based upon a bilateral contract modification signed in October 2000, is an absolute bar to recovery of more than 90 percent of the damages sought in the complaint (excluding plaintiff's challenge to the Government's monetary claim). Defendant also states that several issues identified by the plaintiff are out of place or redundant because the Court's review of the contracting officer's final decision is *de novo*.

(i) What is the likelihood of settlement and is alternative dispute resolution contemplated?

Prior to filing suit, the parties engaged in direct settlement discussions. Counsel for the Government notified BELL that he will not be in a position to discuss settlement meaningfully until he learns more about the case. BELL remains committed to discussing settlement. The parties will consider the issue again as the litigati progresses.

(j) Do the parties anticipate proceeding to trial and do they anticipate requesting expedited trial scheduling?

The parties anticipate that at least some of the issues identified above may be resolved by motions for summary judgment after discovery has been completed. Depending upon the resolution of these motions, trial may not be necessary or may be limited to certain discrete issues. Neither party presently anticipates requesting expedited trial scheduling.

(k) Are there special issues regarding electronic case management needs?

The parties are not aware of any special issues regarding electronic case management needs.

(l) Is there other information of which the Court should be aware at this time?

The parties are not aware of other information of which the Court should be aware at this time.

## PROPOSED DISCOVERY PLAN

The parties believe that discovery is necessary as to all issues in this case. The parties see no reason at this time to conduct phased or bifurcated discovery.

The parties propose that all discovery be completed by September 30, 2004. The parties further propose that discovery be conducted in accordance with the following deadlines:

(1) All written discovery requests permitted by RCFC 31, 33, 34 and 36 shall be served on or before August 2, 2004.

(2) The parties' respective RCFC 26(a)(2) expert disclosures, including expert reports, shall be served on or before July 16, 2004. Either party may serve a rebuttal expert report on or before August 13, 2004. Either party may serve a reply expert report on or before August 27, 2004.

(3) All fact discovery, including the depositions of fact witnesses, shall be completed by September 15, 2004.

(4) All expert discovery, including the depositions of proposed experts, shall be completed by September 30, 2004.

Respectfully submitted,

BELL BCI COMPANY

By Counsel:

s/ Richard O. Wolf
Charlie C.H. Lee
Richard O. Wolf
MOORE & LEE, LLP
1750 Tysons Boulevard
Suite 1450
McLean, Virginia 22102-4225
Telephone: 703-506-2050
Facsimile: 703-506-2051
E-Mail: r.wolf@mooreandlee.com

Counsel for Plaintiff

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Of Counsel:

KRYSTAL A. JORDAN
Procurement, Fiscal and
Information Law Branch
Office of General Counsel
Department of Health and Human Services

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 12, 2003, a copy of the attached Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

s/Kyle Chadwick