U.S. Department of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 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

Telephone: (202) 305-7561
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

January 4, 2005

BY FACSIMILE AND MAIL

Richard O. Wolf
Moore & Lee, LLP
1750 Tysons Blvd., Suite 1450
McLean, VA 22102-4225

Re: Bell BCI Co. v. United States,
Fed. Cl. No. 03-1613C

Dear Mr. Wolf:

This letter is in further response to your RCFC 30(b)(6) notice, a copy of which I received by facsimile on December 30, 2004, and which we received in hard copy yesterday.

The Department of Health and Human Services possesses no information regarding items number 13 and 18 in your list of topics, as the Government has neither allocated "fault or responsibility for delays" to any contractors or subcontractors other than plaintiff, nor communicated with subcontractor Weisman regarding this matter. With respect to item number 27, the agency has only limited information: Virtually all communication with our testifying experts has been conducted by and through me, as counsel, and not by the responding agency. You are, of course, free to ask the experts themselves about these communications in their depositions.

We object to topics number 12, 18, and 21 on your list as overly broad and impracticable to prepare a witness to address. Mr. Scott of Marsh has discussed the delay issues in item 12 in his reports, and he can do so at his deposition, to the extent defendant has formed a position. Further, please note that virtually all of your other topics are so broadly and vaguely worded that, although we will work in good faith to prepare a witness or witnesses to respond, we might be unable to predict some of your specific questions - and I will not consider this a reason to continue or reopen the 30(b)(6) deposition.

Finally, please explain the relevance or potential relevance of (1) the legal issue in item number 9, concerning the interpretation of the Kit of Parts pricing provisions, and (2) item 26, regarding the agency's "budget and funding for . . . the Project . . . ." It is unclear to me that those topics relate to a claim or defense, or fall within the scope of RCFC 26(b)(1).

I look forward to discussing the above with you.

Sincerely,

KYLE CHADWICK
Trial Attorney
Civil Division
Commercial Litigation Branch

cc: D. Kornreich
K. Jordan, HHS

U.S. Department of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 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

Telephone: (202) 305-7561
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

January 13, 2005

BY FACSIMILE AND MAIL

Richard O. Wolf
Moore & Lee, LLP
1750 Tysons Blvd., Suite 1450
McLean, VA 22102-4225

Re: Bell BCI Co. v. United States,
Fed. Cl. No. 03-1613C

Dear Mr. Wolf:

This letter continues our recent correspondence regarding discovery. First, this case seems to be subject to more than its share of unfortunate events: I learned yesterday that Barbara Taylor's mother passed away earlier in the week and that, as a result, Ms. Taylor will be unable to help us complete our interrogatory responses until next week. I will get our responses to you as quickly as I can, but, once again, I have little choice but to ask you for additional time. I expect to provide our responses no later than Friday, January 21.

Second, with regard to your RCFC 30(b)(6) topics, we continue to object to number 18 as overly broad and unduly burdensome. I am amenable to jointly contacting the Court by telephone about that issue, at a mutually convenient time. As for topic number 12, we will designate a witness, but you should be aware that the agency - as distinct from the United States in its litigating capacity, represented by the Department of Justice - has formed very few pertinent conclusions with respect to delays. I expect our RCFC 30(b)(6) witness to testify that (1) Bell did not complete the project on schedule, (2) the agency does not believe it is at fault, to any substantial degree, and (3) Bell's now-superseded REA did not change the agency's opinion.

The Government's current position, which we have developed in litigation, regarding the specific allocation of excusable and

unexcused delay, and the corresponding delay costs, has been explained by our experts in their reports, and will presumably be further explained during the experts' depositions. The primary purpose of RCFC 30(b)(6) is to permit parties to discover facts from one another, without having to guess which deponents would be most knowledgeable about particular issues. RCFC 30(b)(6) should not be used as a substitute for expert discovery, and an agency witness cannot be expected to testify regarding ultimate merits issues that can be meaningfully addressed only through expert review, analysis, and testimony. I look forward to discussing these matters further with you.

Sincerely,

KYLE CHADWICK
Trial Attorney
Civil Division
Commercial Litigation Branch

cc: D. Kornreich
K. Jordan, HHS