THE GOVERNMENT AND THE CONTRACTOR MUTUALLY AGREE AS FOLLOWS:

1. Part I, Section C, Paragraph I - Statement of Work is hereby modified by adding work identified below by Change Number, Issuing Change Order. Description and associated dollar amount:

| PCN | CHG NO. | CO | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 448 | 549 | | Module 3252/3254 (EWO-402). | $551.00 |
| 468 | 547 | | Add'l. Steel Support @ 1st Floor Operable Partitions (EWO-428). | $17,145.00 |
| 540 | 333 | | Raise NHGRI Rec. Raceways @ Alcoves 5536, 5532, 5530 & 5526 (EWO-416R1). | $3,452.00 |
| 627 | 456 | | Provide 3mm stainless steel sheeting at the wall of descaler pit (see sketch) (EWO-479R1). | $6,590.00 |
| 645 | 443 | | Re-work ceiling in Vivarium corridor B510 to accommodate fixture (EWO-408). | $1,927.00 |
| 646 | 444 | | Provide type "12" partition along shaft wall in room 4133 (EWO-418). | $617.00 |
| | | | **Total:** | **$30,282.00** |

Any outstanding changes from the above noted Change Orders will be definitized in a later modification.

2. All other terms and conditions of this contract remain unchanged.

3. The modification agreed to herein is a fair and equitable adjustment for the Contractor's direct and indirect costs. This modification provides full compensation for the changed work, including both Contract cost and Contract time. The Contractor hereby releases the Government from any and all liability under this Contract for further equitable adjustment attributable to this Modification.

*****

NIH-9-01477

# SUMMARY OF NEGOTIATIONS

Contractor: Bell Company
10605 Concord Street, Suite 205
Kensington, MD 20895

W.R. No.: HVX30019

Request for Proposal No.: NA

Contract No.: 263-98-C-0102

Change No.'s: **549, 443, 333, 444, 547, 456**

Modification No.: **138**

A. Description of Articles and Services and Period of Performance

**1) Add Lab. Gas fixtures to Modules 3254 and 3254A, RFI 1226, EWO #402**
**2) Basement Vivarium B-510 Light fixtures, RFI 1237, EWO #408.**
**3) Relocate Raceway on 5th. Floor Alcoves, CM RFI 160, EWO #416**
**4) Room 4133 West Wall Telephone Jacks Bulletin 35, RFI 1328, EWO #418**
**5) Additional Steel Support Beams for 1st. Floor operable partitions RFI 326, 1231 & 1376, EWO #428**
**6) Stainless Steel Sheeting at Descaler Pit, CM RFI 189, EWO #479**

Delivery: April 30, 2001 (no time extension)

**Total Modification Amount: $ 30,282.00**

B. Acquisition Planning

N/A

C. Synopsis of Proposed Acquisition

The acquisition has not been publicized under FAR Subpart 5.2. This contract action is made under the terms of an existing base contract that was previously synopsized in sufficient detail to comply with the requirements of 5.207 with respect to the current contract action.

D. Contract Type

This is a firm fixed-price contract.

E. Extent of Competition

N/A

F. Technical Evaluation

NIH-9-01484

The Project Officer's technical evaluations are included under Tab No. 5.

G. Business Evaluation

Item 1: The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #402) dated 11/14/00. The Contractor's proposal is responsive to Governments requirements. **Change No.549**

Item 2: The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #408) dated 10/25/00. The Contractor's proposal is responsive to Governments requirements. **Change No.443**

3) The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #416) dated 9/20/00. The Contractor's proposal is responsive to Governments requirements. **Change No.333**

4) The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #418) dated 10/25/00. The Contractor's proposal is responsive to Governments requirements. **Change No.444**

5) The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #428) dated 11/28/00. The Contractor's proposal is responsive to Governments requirements. **Change No.547**

6) The Government did not issue a Modification Directive (Change Order) to the Contractor; however, the Government received a proposal from the Contractor (EWO #479) dated 11/29/00. The Contractor's proposal is responsive to Governments requirements. **Change No.456**

H. Competitive Range

N/A

I. Cost Breakdown and Analysis

Item 1: The cost breakdown and analysis for Change No. **549**is as follows:

| | |
|---|---|
| Government Estimate: | **$N/A** |
| Contractor's Proposal: | **$551.00** |
| Difference: | |
| Total Price: | **$551.00** |

Item 2: The cost breakdown and analysis for Change No. **443** is as follows:

| | |
|---|---|
| Government Estimate: | **$N/A** |
| Contractor's Proposal: | **$2,440.00** |
| Difference: | |
| Total Price: | **$1,927.00** |

NIH-9-01485

Item 3: The cost breakdown and analysis for Change No. **333** is as follows:

| | |
|---|---|
| Government Estimate: | **$3,612.00** |
| Contractor's Proposal: | **$4,332.00** |
| Difference: | **$720.00** |
| Total Price: | **$3,452.00** |

Item 4: The cost breakdown and analysis for Change No. **444** is as follows:

| | |
|---|---|
| Government Estimate: | **$ N/A** |
| Contractor's Proposal: | **$617.00** |
| Difference: | |
| Total Price: | **$617.00** |

Item 5: The cost breakdown and analysis for Change No. **547** is as follows:

| | |
|---|---|
| Government Estimate: | **$20,604.00** |
| Contractor's Proposal: | **$17,265.00** |
| Difference: | **$3,339.00** |
| Total Price: | **$17,145.00** |

Item 6: The cost breakdown and analysis for Change No. **456** is as follows:

| | |
|---|---|
| Government Estimate: | **$ 4,655.00** |
| Contractor's Proposal: | **$13,759.00** |
| Difference: | **$9,104.00** |
| Total Price: | **$6,590.00** |

J. Government-Furnished Property and Government-Provided Facilities

No Government furnished property or Government furnished facilities will be provided.

K. Negotiations

**Item No. 1**: The Government Estimate for **Change No. 549** is not required. The Contractor submitted a cost proposal for $551.00. The Government has in fact analyzed the subject proposal and has deemed the costs valid and acceptable. We therefore, recommend that the Government should accept the Contractor's price of $551.00. All costs are considered allocable, allowable and reasonable.

**Item No. 2:** The Government Estimate for **Change No. 443** is not required. The Contractor submitted a cost proposal for $2,400.00 for the Basement Vivarium B-510 Light Fixtures (RFI-1237). The Government's and the Contractor during negotiations adjusted down labor and material and agreed on a lump sum price of $1,927.00. We therefore recommend the Government should accept the Negotiated price of $1,927.00, which seems fair and reasonable.

**Item No. 3:** The Government's estimate for **Change No. 333** is $3,612.00. The Contractor's submitted the cost proposal for $ 4,332.00 to relocate raceway on 5th. Floor Alcoves. The Government's Pre-negotiation position is at $2,847.00. Mutual technical discussions of the SOW and related cost brought the cost down to $3,452.00. This number is between the Contractor's proposal and the pre-negotiation number but less

than the IGE. We therefore recommend that the Government should accept the Negotiated price. This price seems fair and reasonable.

**Item No.4:** The Government's estimate for **Change No. 444** is not required. The Contractor's cost proposal is $ 671.00 whereas the Government's Pre-negotiation position is unchanged at $617.00. The Government has in fact analyzed the subject proposal and has deemed the costs valid and acceptable. It is therefore recommended that the Government should accept the Contractor's price of $617.00. The Contractor's price is considered fair and deemed acceptable.

**Item No.5:** The Government's estimate for **Change No. 547** is at $20,604.00. The Contractor submitted their cost proposal for $17,265.00. The Government's Pre-Negotiation's position is at $17,145.00, almost unchanged with minimum changes to the submitted price. Since Contractor's price is less than the IGE, it seems logical to accept the Contractor's price. It is therefore recommended that the Government should accept the Negotiated price of $17,145.00. The negotiated price is considered fair and deemed acceptable:

**Item No.6:** The Government's estimate for **Change No. 456** is $4,655.00. The Contractor submitted a cost proposal for $13,759.00. The Government's Pre-negotiation position is at $5,850.00, close to the IGE than the Contractor's proposal. Bell agreed to cut their OH & Indirect cost. This adjustment brought the total proposal to $6,590.00. Both parties agreed. It is therefore recommended that the Government should accept the Negotiated price of $6,590.00. This is considered fair and deemed acceptable:

L. Other Considerations

N/A

M. Terms and Conditions

The terms and Conditions of the base contract apply to this change.

N. Recommendation

It is hereby recommended that a bilateral modification in the amount of **$30,282.00** with no time extension be awarded to Bell Company as fair and equitable. Execution of a bilateral contract modification for the scope of work specified in Paragraph A above at the amount **$30,282.00** is in the best interest of the Government.

O. Signature

[signature] 3/12/01

Barbara Taylor Date

# AMENDMENT OF SOLICITATION / MODIFICATION OF CONTRACT

1. CONTRACT OMB 0990 0115 — Page of Pages 1 of 2

2. AMENDMENT/MOD. NO. **Modification No. 139**
3. EFFECTIVE DATE Block 16c
4. REQUISITION/ PURCHASE REQ. NO.
5. Project No. (If applic.) W.R# HVX30019

6. ISSUED BY CODE

National Institutes of Health
Acquisition Branch C, DSSC, OPM
9000 Rockville Pike, Bldg.13, Rm.G-800
Bethesda, MD 20892

7. ADMINISTERED BY (If other than Item 6) CODE

Contracting Officer: Barbara Taylor
Tel. : (301) 435-4333
FAX: (301) 402-1103

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State, and ZIP Code)

Bell Company
10605 Concord Street, Suite 205
Kensington, Maryland 20895

CODE — FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO.

263-98-C-0102

10B. DATED (SEE ITEM 13)
March 26, 1998

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended, [ ] is not extended

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA *(IF REQUIRED)*

| | | |
|---|---|---|
| 1-8330705 | ORS/DES | $2,112 |

O C. 25.41 **total cost = $2,112.00** W.R.# HVX30019

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

[ ] A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

[ ] B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b)

[X] C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
FAR 52.243-4 Changes - Fixed Price (AUG 1987)

[ ] D. OTHER (specify type of modification and authority)

E. IMPORTANT: Contractor [ ] is not. [X] is required to sign this document and return 4 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT / MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible).

| | | |
|---|---|---|
| PURPOSE: | This agreement is to modify the contract and to provide an equitable adjustment for changed work as itemized on the following page of this modification. | |
| CONTRACT TITLE: | Consolidated Laboratory Facility - Building 50 Bid Package No. 2 | |
| CONTRACT AMOUNT: | $82,673,824.00 | (an increase of $2,112.00) |
| CONTRACT EXPIRATION DATE: | April 30, 2001 | (No time extension) |
| CONTRACT TYPE: | Firm Fixed-Price Construction | |

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remain unchanged and in full force and effect.

15 A. NAME AND TITLE OF SIGNER (Type or print)
Thomas F. Bell President

16A. NAME AND TITLE OF CONTRACTING OFFICER (TYPE or print)
Barbara Taylor
Contracting Officer

15B. CONTRACTOR/OFFEROR
BY [signature]
(Signature of person authorized to sign)

15C. DATE 4-3-01

16B. UNITED STATES OF AMERICA
BY Barbara Taylor
(Signature of Contracting Officer)

16C. DATE 4/5/01

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

Standard Form 30 (Rev 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243



H-9-01609

THE GOVERNMENT AND THE CONTRACTOR MUTUALLY AGREE AS FOLLOWS:

1. Part I, Section C, Paragraph I - Statement of Work is hereby modified by adding work identified below by Change Number, Issuing Change Order, Description and associated dollar amount:

| PCN | CHG NO. | CO | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 93 | 093 | 012 | Replace Terrazzo w/ Granite Flooring @ Revolving Door (EWO-099R1). | $4,347.00 |
| 121 | 030 | 027 | Delete Term. Unit & Diff. @ Exhaust Box 312 included in EWO 217-CB#32 (EWO-112). | $0.00 |
| 480 | 358 | | Air Device Schedule Coordination (EWO-371). | $0.00 |
| 616 | 408 | | Per NIH, use standard cylinders ilo interchangeable core cylnders (EWO-477). | ($3,987.00) |
| 721 | 550 | | Acoustical ceiling to steel conflict at 1st floor (EWO-489). | $1,752.00 |
| | | | **Total:** | **$2,112.00** |

Any outstanding changes from the above noted Change Orders will be definitized in a later modification.

2. All other terms and conditions of this contract remain unchanged.

3. The modification agreed to herein is a fair and equitable adjustment for the Contractor's direct and indirect costs. This modification provides full compensation for the changed work, including both Contract cost and Contract time. The Contractor hereby releases the Government from any and all liability under this Contract for further equitable adjustment attributable to this Modification.

*****

# AMENDMENT OF SOLICITATION / MODIFICATION OF CONTRACT

1. CONTRACT OMB 0990 0115 — Page of Pages 1 of 2

2. AMENDMENT/MOD. NO. **Modification No. 140**
3. EFFECTIVE DATE Block 16c
4. REQUISITION/ PURCHASE REQ. NO.
5. Project No. (If applic.) W.R# HVX30019

6. ISSUED BY CODE
National Institutes of Health
Acquisition Branch C, DSSC, OPM
9000 Rockville Pike, Bldg.13, Rm.G-800
Bethesda, MD 20892

7. ADMINISTERED BY (If other than Item 6) CODE
Contracting Officer: Barbara Taylor
Tel. : (301) 435-4333
FAX: (301) 402-1103

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State, and ZIP Code)
Bell Company
10605 Concord Street, Suite 205
Kensington, Maryland 20895

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO.
263-98-C-0102

10B. DATED (SEE ITEM 13)
March 26, 1998

CODE FACILITY CODE

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the followi methods: (a) By completing Items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment number FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THI HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offi already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and tl amendment, and is received prior to the opening hour and date specifie

12. ACCOUNTING AND APPROPRIATION DATA *(IF REQUIRED)*

| | | |
|---|---|---|
| 1-8325438 | *NIDDK* | $1,597 |
| 1-8321966 | *NHGRI* | $11,671 |
| 1-8335389 | *NIAID* | $6,081 |

O C. 25.41 **total cost = $19,348** W.R.# HVX30019

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b)

X C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: FAR 52.243-4 Changes - Fixed Price (AUG 1987)

D. OTHER (specify type of modification and authority)

E. IMPORTANT: Contractor ☐ is not. ☒ is required to sign this document and return 4 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT / MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible).

PURPOSE: This agreement is to modify the contract and to provide an equitable adjustment for changed work as itemized on the following page of this modification.

CONTRACT TITLE: Consolidated Laboratory Facility - Building 50 Bid Package No. 2

CONTRACT AMOUNT: $82,693,172.00 (an increase of $19,348.00)

CONTRACT EXPIRATION DATE: April 30, 2001 (No time extension)

CONTRACT TYPE: Firm Fixed-Price Construction

Except as provided herein, all terms and conditions of the document referenced in item 9A or 10A, as heretofore changed, remain unchanged and in full force and effect.

15 A. NAME AND TITLE OF SIGNER (Type or print)
Robert DeRod VP,CFO

16A. NAME AND TITLE OF CONTRACTING OFFICER (TYPE or print)
Barbara Taylor
Contracting Officer

15B. CONTRACTOR/OFFERER
BY [signature] (Signature of person authorized to sign)

15C. DATE 3/?/01

16B. UNITED STATES OF AMERICA
BY [signature] (Signature of Contracting Officer)

16C. DATE 3/12/01

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

Standard Form 30 (Rev 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243



NIH-9-01775

THE GOVERNMENT AND THE CONTRACTOR MUTUALLY AGREE AS FOLLOWS:

1. Part I, Section C, Paragraph I - Statement of Work is hereby modified by adding work identified below by Change Number, Issuing Change Order, Description and associated dollar amount:

| PCN | CHG NO. | CO | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 598 | 385 | | Addition of a Granite countertop @ Library #3227 (EWO-459-R1). | $1,597.00 |
| 610 | 397 | | Addition of Granite on the 5th Floor (EWO-460-R1). | $5,590.00 |
| 711 | 538 | | Provide (2) darkrooms at rooms 5327 & 5403 for the 5th floor- missed in Bulletin 33 (EWO-540). | $12,161.00 |
| | | | **Total:** | **$19,348.00** |

Any outstanding changes from the above noted Change Orders will be definitized in a later modification.

2. All other terms and conditions of this contract remain unchanged.

3. The modification agreed to herein is a fair and equitable adjustment for the Contractor's direct and indirect costs. This modification provides full compensation for the changed work, including both Contract cost and Contract time. The Contractor hereby releases the Government from any and all liability under this Contract for further equitable adjustment attributable to this Modification.

*****

NIH-9-01776

# SUMMARY OF NEGOTIATIONS

Contractor: Bell Company
10605 Concord Street, Suite 205
Kensington, MD 20895

W.R. No.: HVX30019

Request for Proposal No.: NA

Contract No.: 263-98-C-0102

Change No. (s):
**Modification No.: 140**

A. Description of Articles and Services and Period of Performance

**Items:**

1) Provide a granite countertop in room 3227 per Bulletin No. 32 **(Change No. 385).**

2) Provide granite stonework throughout the 5th flr per Bulletin No. 33 **(Change No. 397).**

3) Provide (2) darkrooms at room 5327 & 5403 per Bulletin No. 33 **(Change No. 538).**

Delivery: April 30, 2001 (no time extension)

Total Price: **$19,348.00**

B. Acquisition Planning

N/A

C. Synopsis of Proposed Acquisition

The acquisition has not been publicized under FAR Subpart 5.2. This contract action is made under the terms of an existing base contract that was previously synopsized in sufficient detail to comply with the requirements of 5.207 with respect to the current contract action.

D. Contract Type

This is a firm fixed-price contract.

E. Extent of Competition

N/A

F. Technical Evaluation

The Project Officer's technical evaluations are included under Tab No. 5.

G. Business Evaluation

The Government requested proposals from the Contractor for the three changes mentioned above. The Government received the following proposals from the Contractor in response to the above referenced changes:

EWO # 459R1 dated 1/26/01 (**Change No. 385**),

EWO # 460R1 dated 1/26/01 (**Change No. 397**),

EWO # 540 dated 12/18/00 (**Change No. 538**),

The Contractor's proposals are responsive to Governments requirements.

H. Competitive Range

N/A

I. Cost Breakdown and Analysis

**Item 1:** The cost breakdown and analysis for **Change No.** 385 is as follows:

| | |
|---|---|
| Government Estimate: | $2,341 |
| *Contr's Prop. (EWO # 459):* | *$7,456* |
| Difference: | ($5,115) |
| Total Price: | **$1,597** |

**Item 2:** The cost breakdown and analysis for **Change No. 397** is as follows:

| | |
|---|---|
| Government Estimate: | $5,730 |
| *Contr's Prop. (EWO # 460):* | *$27,330* |
| Difference: | ($21,600) |
| Total Price: | **$5,590** |

**Item 3:** The cost breakdown and analysis for Change No. 538 is as follows:

| | |
|---|---|
| Government Estimate: | $15,532 |
| *Contr's Prop. (EWO # 540):* | $12,161 |
| Difference: | $3,371 |
| Total Price: | **$12,161** |

All costs are considered by the Government to be allocable, allowable and reasonable.

J. Government-Furnished Property and Government-Provided Facilities

No Government furnished property or Government furnished facilities will be provided.

K. Negotiations

**Item 1/Change No. 385:** Negotiation of the subject proposal was not required, inasmuch, technical discussions were held between CRSSC and Bell, which clarified issues related to the correct scope of work. These clarifications led to the re-issuance of the Contractor's proposal, which is deemed reasonable. Acceptance is recommended for the reasons noted below in paragraph L.

**Item 2/Change No. 397:** Negotiation of the subject proposal was not required, inasmuch, technical discussions were held between CRSSC and Bell, which clarified issues related to the correct scope of work. These clarifications led to the re-issuance of the Contractor's proposal, which is deemed reasonable. Acceptance is recommended for the reasons noted below in paragraph L.

**Item 3/Change No. 538:** Negotiation of the subject proposal was not necessary since the Contractors associated costs were less than the Governments estimate and after further analysis considered valid. Therefore, it is recommended that the Government accept the Contractors cost of $12,161.00.

L. Other Considerations

**Item 1/Change No. 385:**

The Contractors original proposal amount for this work was approximately 218% more than the Governments estimate and deemed unacceptable. The Government requested that the Contractor solicit a proposal from a local stone manufacturer. The Contractors revised proposal for this work is within 10% of the Governments estimate and acceptance is now recommended.

**Item 2/Change No. 397:**

The Contractors original proposal amount for this work was approximately 398% more than the Governments estimate and deemed unacceptable. The Government requested that the Contractor solicit a proposal from a local stone manufacturer. The Contractors revised proposal for this work is within 10% of the Governments estimate and acceptance is now recommended.

**Item 3/Change No. 538:** Acceptance is recommended for this change.

M. Terms and Conditions

The terms and Conditions of the base contract apply to this change.

N. Recommendation

It is hereby recommended that a bilateral modification in the amount of **$19,348.00** with no time extension be awarded to Bell Company as fair and equitable. Execution of a bilateral contract modification for the scope of work specified in Paragraph A above at the amount **$19,348.00** is in the best interest of the Government.

O. Signature

Barbara Taylor [signature] 2/28/01
Date

# BELL BCI Company
# vs.
# The United States of America

USCFC CASE NO. 03-1613C

UNITED STATES COURT OF FEDERAL CLAIMS

## The National Institutes of Health
## Louis Stokes Laboratories / Building 50
Bethesda, Maryland

# Expert Report
**September 9, 2004**

Prepared for:

Moore & Lee, LLP
Attorneys at Law
McLean, Virginia

Prepared By:

Oxley & Brannon Construction Consultants, Inc.
Saint Petersburg, Florida

Patrick W. Brannon, P.E.

## INTRODUCTION

Oxley & Brannon Construction Consultants, Inc. has been retained by BELL, through their Law Firm of Moore & Lee, LLP, to provide opinions as to the issues related to the construction of this Project.

Since 1983, Oxley & Brannon Construction Consultants, Inc. (OBCCI) has provided consulting services to the construction industry including analysis, reporting and expert testimony. Oxley & Brannon Construction Consultants, Inc. has experience as experts in the areas of contract administration, scheduling, costs, damages, delays, acceleration, loss of efficiency, construction and engineering. OBCCI are not attorneys, nor do we render legal opinions; therefore, nothing contained in this report should be construed as a legal opinion.

Patrick W. Brannon, P.E., will be providing Expert Testimony in this matter in the following areas:

- CPM Scheduling and Scheduling Analysis
- Delay and Impact Analysis
- Construction Costs, Damages, Estimating and Cost Accounting

not encompass or address inefficiencies or disruption. Furthermore, the Government's contemporaneous documents and BELL's pricing documents further confirm that Mod 93 did not cover labor inefficiencies. It is our conclusion that costs incurred by the Contractor for reduced productivity as a result of Government directed changes in the work were not compensated for nor released in Mod 93, either for Changes issued before or after August 31, 2000.

Our conclusion is confirmed by a review of what the Government actually compensated BELL for in Mod 93 based on BELL's EWO 240R1 referenced in Mod 93, and the Government's summary of the negotiations that resulted in Mod 93.

EWO 240, dated 2/11/00, requests $3,481,749.43 for:

> **"… all work associated with Bullitein [sic] No. 35 specifications and drawings issued on 9/30/99. This proposal includes the following RFI clarifications: RFI Nos. 871, 900, 1006 and 1007. …"**

The EWO also notes that:

> **"… As of this date, work identified in this proposal has occurred. …"**

the Government's contemporaneous records discussed above.. Therefore, it is our opinion that all costs associated with BELL's reduced productivity and other indirect costs incurred on the project as a result of the cumulative effect of the numerous Government changes, including the cardinal change addition of the additional floor, are recoverable.

**Time Impact Analysis**

**Introduction**

This section is an assessment of BELL's entitlement to an extension of Contract time for the project. Time Impact Analyses (TIA) are presented for the change orders/modifications issued by the Government to BELL, after the issuance of Contract Modification #93.

This project was completed in phases and fourteen substantial completion milestones were established to denote the dates for the various areas/systems in the Building. On October 2, 2000, Contract Modification #93 was signed by the Government and BELL in recognition of the additional scope of work for the fourth floor and "for all delays resulting from any and all Government changes

Although it is our opinion that the labor productivity losses incurred BELL on this project are fully recoverable and have not been released or compensated for within Mod 93 based its language and plain meaning, we have nevertheless segmented the labor productivity losses incurred by BELL after August 31, 2000, only because the Government in its prior rejection of BELL's REA identified the absence of such a segmentation as a partial basis for rejection. BELL experienced 57339 unearned hours after August 31, 2000. Adjusting this amount for both the measured mile and the hourly field labor supervision included with the general conditions, the amount allocable to the Government for the post August 31, 2000 period is $1,211,828.

In summary, the following tables represent a total of the Contract balance, outstanding changes, Extended General Conditions and Reduced Productivity, first for the entire period and second, for the reasons stated above, lost productivity incurred in the post August 31, 2000 period.

| | |
|---|---|
| **Contract Summary** | |
| Original Contract | $63,663,745.00 |
| Add Change Orders | $21,377,617.00 |
| Adjusted Contract Amount | $85,041,362.00 |
| Amount Paid To Date | $84,484,937.00 |
| **Balance Due on Contract** | **$556,425.00** |
| | |
| **Unresolved Changes** | |
| EWO #651 - KOP | $248,181.00 |
| EWO #738 - Interest on Outstanding EWO's | $398,620.11 |
| EWO #734 - Subcontractor Bond Premiums | $259,884.50 |

| | |
|---|---|
| EWO #735 - Extension of MEP Warranties | $374,911.52 |
| Disputed EWO's | $2,568,749.00 |
| EWO's with Written Directive | $8,814.00 |
| **Subtotal of Unresolved Changes** | **$3,859,160.13** |
| **Total of Contract Balance and Unresolved Changes** | **$4,415,585.13** |
| **General Conditions** | **$1,602,053** |
| **Loss of Efficiency Costs - Entire Project** | **$2,058,456** |
| **Total** | **$8,076,093.64** |

| | |
|---|---|
| **Contract Summary** | |
| Original Contract | $63,663,745.00 |
| Add Change Orders | $21,377,617.00 |
| Adjusted Contract Amount | $85,041,362.00 |
| Amount Paid To Date | $84,484,937.00 |
| **Balance Due on Contract** | **$556,425.00** |
| **Unresolved Changes** | |
| EWO #651 - KOP | $248,181.00 |
| EWO #738 - Interest on Outstanding EWO's | $398,620.11 |
| EWO #734 - Subcontractor Bond Premiums | $259,884.50 |
| EWO #735 - Extension of MEP Warranties | $374,911.52 |
| Disputed EWO's | $2,568,749.00 |
| EWO's with Written Directive | $8,814.00 |
| **Subtotal of Unresolved Changes** | **$3,859,160.13** |
| **Total of Contract Balance and Unresolved Changes** | **$4,415,585.13** |
| **General Conditions** | **$1,602,053** |
| **Loss of Efficiency Costs - Post 8/31/00** | **$1,211,828** |
| **Total** | **$7,229,466.13** |

10605 Concord St., Suite 205 • Kensington, MD 20895 • (301) 962-7700 • FAX (301) 962-7701

BELL

July 31st, 2001

National Institutes of Health
Building 13, Room 2S75
Bethesda, MD 20892

Attention: Barbara Taylor, Contracting Officer

Subject:: Modification Language to Reserve Rights

Reference: NIH Building 50 - Bid Package II - Bethesda, Maryland

Dear Mrs. Taylor,

Several of the most recent contract modifications that we received contained indemnification language that we have crossed out and revised as it pertains to our Modification No. 93 supplemental agreement. This revised wording simply protects our rights to seek additional compensation for delays, disruptions and/or damages resulting from the changes that have occurred. The revised wording is similar to that of which was included in some of the Government's previous Modifications (reference Mod No. 81). We wish to add this wording to our bilateral modification for all extra work orders, (EWO's), which were initiated after our September 1st, 2000 supplemental settlement and have not been specifically identified to include acceleration or extension cost on the Bell EWO cover sheet.

We hope that the Government understands that it has become necessary to protect our rights regarding the execution of additional change orders that have occurred since September 1st, 2000. In our negotiations for Modification 93, we agreed to include several milestone completion dates for the occupancy of the building. These dates were substantially compacted from what we had presented in our Time Impact Analysis Study, showing a September, 2001 completion based upon the changes that had occurred through August 15th, 2000. We stated that these revised dates were contingent upon minimal changes that would be executed with complete acceleration. The Government confirmed this by saying that there would be only 4-6 more changes to our scope of work and agreed to accelerate changes so not to effect the completion schedule. We then began to price and negotiate change orders with acceleration and extended overhead cost. It soon became apparent that there would be many more changes before the completion of the project, yet we continued to price the changes with acceleration costs. In January, 2001, we met to discuss the negotiation of acceleration costs at which time we stated that we had reached the limits of our ability to execute the base contract work while accelerating the many changes without time delays. Additionally, many of the specialty subcontractors refused to perform any work on an accelerated basis, no matter the cost. Finally, it was apparent that the Government clearly believed that our estimated overhead and acceleration costs were too high for most of the changes. (This can be demonstrated by reviewing the few proposal cuts in which we agreed to execute the work on an accelerated basis). Furthermore, even though the Government issued RFI's with a directive to proceed "without impact to the project schedule or completion date", you

BELL

still refused to pay management and supervisory acceleration expenses to the contractors involved with the changes, (Young Electrical and Bell BCI, for example). Our efforts to accelerate were further compounded by the amount of time that it has taken to negotiate and receive contract modifications. Most of our EWO's have exceeded our standard 30 day evaluation period in which the proposal remains valid.

With over 200 new EWO's issued in the past 10 months and the lack of support from the Government to pay the acceleration costs of subcontractor's supervision as well as the delay in receiving contract modifications, it became apparent that we would not be able to achieve the Modification 93 milestones or continue to accelerate our work force. Therefor, we stopped including acceleration cost in our proposals many month's ago and have revised some others that previously had these costs associated with them. We are excluding the few EWO's that have been negotiated with acceleration.

In addition to the comments stated above, we find it necessary to further protect our rights due to the fact that the Government has written letters related to each missed Modification 93 milestone stating to "reserve all rights and remedies provided by law or under this contract with respect to timely completion of the work including, but not limited to, the rights to terminate the contract for default, withhold payments, or assess liquidated damages". Fortunately, none of these (with the exception of withholding $100,000 in retention for "inadequate progress") has occurred. However, under the circumstances, we're sure you understand our need to secure our rights for impacts resulting from contract changes based upon the contents of your correspondence.

Please approve our amendments to the attached modifications so that we may proceed with the remainder of the work accordingly. If you should have any questions related to this information, please advise our office at once.

Sincerely,
BELL BCI COMPANY

7/31/01

Jeremy Bardin
Project Manager

Enclosure: Modifications

cc: Tom Bell, President
BobDeRoo, CFO
Mike Dimmick, Vice President
Scott Stevenson, APM
Gov't Out
File

CERTIFICATE OF FILING

I certify that on June 3, 2005, the preceding appendix was filed by means of the Court's electronic filing system. Parties and others may access the filing through the Court's system.

s/Kyle Chadwick