# In the United States Court of Federal Claims

No. 03-1613C

(Filed: August 2, 2006)

****************************************
BELL BCI COMPANY

Plaintiffs

v.

THE UNITED STATES,

Defendant.
****************************************

PRETRIAL ORDER

On August 2, 2006, the Court held a scheduling conference with counsel for the parties to establish a schedule for trial and certain pretrial procedures. With the assistance of counsel, the Court established the following schedule:

1. Trial shall begin on February 19, 2006 at 9:30 AM at the National Courts Building at 717 Madison Place, NW in Washington, DC. The Court will allot seven days, through February 27, 2006, for trial. The trial will encompass all issues of entitlement and damages pending in this action.

2. On or before January 19, 2007, counsel for the parties shall file with the Court and exchange with each other the following information:

   a. Stipulations of all uncontested material facts, in the format of numbered paragraphs, signed by counsel of record for both parties.

   b. A separate statement by each party of the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that the party expects to prove at trial.

c. Identification of the contract clauses and applicable regulations, if any, that each party contends are relevant to the Court's determination.

d. A statement of the proposed conclusions of law that each party believes will be established, along with the citation to the lead case(s) that each party relies upon.

e. A list of exhibits that each party expects to offer into evidence at trial. The parties shall provide to the opposing party (not to the Court) a complete copy of each exhibit appearing on the exhibit list. Except for cross-examination or rebuttal exhibits, any exhibit not included on the list filed with the Court will not be admitted at trial.

f. A list of the persons expected to be called as witnesses at trial, including the full name and address of each person, and a brief description of the subject matter of the person's testimony. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

3. On or before February 9, 2007, counsel for the parties shall file with the Court and exchange with each other the following additional information:

a. Objections, if any, to the exhibits received from opposing counsel, indicating the nature of the objection lodged, and the applicable Rule of the Federal Rules of Evidence relied upon for each objection. All exhibits to which no objection is lodged shall be admitted into evidence at the beginning of the trial. All other exhibits may be offered into evidence individually as the trial progresses. In the course of identifying trial exhibits and objections thereto, counsel are requested to coordinate their efforts to eliminate duplicate exhibits.

b. Either or both parties may elect to submit the written direct testimony of any or all expert witnesses in question and answer form. If this election is made, the written testimony shall be submitted to the Court and provided to the opposing party on the date indicated.

4. Each party should furnish to the Court at the beginning of trial a copy of the exhibits to which there is no objection, and which shall be admitted into evidence at the beginning of the trial. Each party also should have sufficient

copies of exhibits at trial to provide a complete set to the Court reporter for use during trial, and for use by witnesses while testifying.

5. Any party desiring to file a pretrial motion, including a motion *in limine* or a motion for partial summary judgment, shall do so sufficiently in advance of trial so that the motion may be fully briefed and considered by the Court. The existence of any pending motion will not under any circumstances serve to delay the start of trial.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge