**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BELL BCI COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-1613C** |
| | ) | **Judge Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT WITNESSES REGARDING DELAY AND ALLEGED LIABILITY FOR LIQUIDATED DAMAGES**

Pursuant to Fed.R.Evid. Rule 702, the Plaintiff, BELL BCI Company ("BELL"), hereby respectfully moves *in limine* to exclude the testimony and opinions of the two expert witnesses proffered by the Government, Mr. Ted Scott and Mr. Colin Daigle, regarding delay and BELL's alleged liability for liquidated damages.

## I. SUMMARY

The testimony of Messrs. Scott and Daigle regarding their opinions of delay and BELL's alleged liability for liquidated damages should be excluded under Fed.R.Evid. Rule 702 and the standards set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Mr. Scott has admitted that each of the fourteen (14) interim milestones established under the contract between BELL and the Government had an individual critical path and, therefore, each interim milestone had to be analyzed to determine whether there was excusable delay that would preclude the assessment of liquidated damages for failing to meet a particular milestone. He further admitted, however, that he failed to analyze the critical path for

each milestone and, moreover, failed to determine whether there was excusable delay with regard to any of the interim milestones. Therefore, Mr. Scott should not be allowed to testify and offer opinions regarding delay and BELL's alleged liability for liquidated damages.

Mr. Daigle admitted that his opinions regarding delay and BELL's alleged liability for liquidated damages are based entirely upon Mr. Scott's opinions. Mr. Daigle accepted Mr. Scott's opinions *in toto* and did not perform any independent analysis. Thus, Mr. Daigle's opinions regarding delay and liquidated damages are entirely derivative of Mr. Scott's opinions. Because Mr. Scott's opinions regarding delay and liquidated damages should be excluded, so too should Mr. Daigle's derivative opinions.

## II. CONCLUSION

For these reasons and the reasons set forth in the accompanying Memorandum, BELL respectfully moves for entry of an Order precluding Mr. Scott and Mr. Daigle from testifying and offering any opinions regarding delay and BELL's alleged liability for liquidated damages. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

BELL BCI COMPANY

By counsel,

Dated: June 25, 2007

/s/ Richard O. Wolf

Richard O. Wolf
Robert D. Windus
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-mail: r.wolf@mooreandlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2007, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on defendant's counsel:

Kyle Chadwick
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. 8th Floor
Washington, D.C. 20530

/s/ Richard O. Wolf
Richard O. Wolf