**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **BELL BCI COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 03-1613C**<br>**Judge Wheeler** |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY**
**OF DEFENDANT'S PROPOSED EXPERT WITNESSES**
**REGARDING DELAY AND ALLEGED LIABILITY FOR LIQUIDATED DAMAGES**

The Plaintiff, BELL BCI Company ("BELL"), respectfully submits this Memorandum in Support of its Motion *In Limine* to Exclude Testimony of Defendant's Proposed Expert Witnesses Regarding Delay and Alleged Liability for Liquidated Damages ("Motion").

## I. INTRODUCTION

This litigation arises out of the construction of a new laboratory research building referred to as "NIH Building 50," located on the campus of the National Institute of Health ("NIH") in Bethesda, Maryland (the "Project"). Bell was the general contractor for the Project pursuant to a contract between it and the Government (the "Contract"). Among other things, the Contract, as amended, established fourteen (14) interim milestones and assigned a liquidated damages amount of $266.00 per calendar day for each day an individual milestone was not met.

In this case, the Government relies upon the testimony of one of its proposed expert witnesses, Mr. Ted Scott, to allocate all responsibility for delay as between BELL and the Government, including the assessment of liquidated damages for BELL's alleged failure to meet the interim milestones. The Government proffered a second expert witness, Mr. Colin Daigle, who adopted Mr. Scott's opinions regarding delay and liquidated damages *in toto* without doing any independent analysis.

When examined about his opinions, Mr. Scott testified under oath at his deposition that each of the fourteen (14) interim milestone established under the Contract had an individual critical path and, therefore, each interim milestone would have to be analyzed to determine whether or not there was excusable delay that would preclude the assessment of liquidated damages for failing to meet a milestone. Mr. Scott admitted, however, that he failed to analyze the critical path for any of the fourteen (14) milestones and, moreover, failed to determine whether BELL was due an excusable delay with regard to any of the interim milestones. Because the required analysis admittedly was not performed, Mr. Scott should be precluded from testifying and offering opinions about delay and BELL's alleged liability for liquidated damages. Likewise, Mr. Daigle should be precluded from testifying and offering any opinions regarding delay and liquidated damages because he simply adopted Mr. Scott's opinions.

## I. STANDARD OF REVIEW

The admissibility of expert testimony is governed by Fed.R.Evid. 702:

> **If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, <u>a witness qualified as an expert</u> by knowledge, skill, experience, training or education, <u>may testify</u> thereto in the form of an opinion or otherwise, <u>if</u> (1) <u>the testimony is based upon sufficient facts or data</u>, (2) <u>the testimony is the product of reliable principles and methods</u>, <u>and</u> (3) <u>the witness has applied the principles and methods reliably to the facts of the case</u>.** (emphasis added)

In applying Rule 702, the Court serves as the "gatekeeper" to ensure that only relevant and reliable testimony is admitted. *See e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L.Ed.2d 238 (1998) (affirming decision to exclude expert testimony); and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) (affirming exclusion of expert testimony). The Court determines whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire*, 526 U.S. at 149, 199 S. Ct. at 1175 (citation omitted). In evaluating the reliability of evidence that is sought to be introduced through expert testimony, courts consider various factors including (1) whether the methodology can and has been tested, (2) whether the methodology is subject to peer review, (3) the potential rate of error, and (4) the general acceptance of the methodology. *Daubert*, 509 U.S. at 593-94, 113 S.Ct. at 2796-97.

In order to be reliable, an expert's opinion must be based on more than unsupported speculation. *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795. "An expert opinion is no better than the soundness of the reasons supporting it." *Perreira v. Dept. of Health and Human Services*, 33 F. 3d 1375, 1377 n. 6 (Fed. Cir. 1994). Thus, expert opinion that is not based on appropriate analysis is properly excluded. *See e.g.*, *Schipp v. General Motors Corp.*, 443 F. Supp. 2d 1023 (E.D. Ark. 2006) (opinion of a qualified expert was excluded under *Daubert* due to his failure to conduct a test to confirm his opinion); and *Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000) (opinion of a qualified expert was excluded under *Daubert* due to his failure to timely conduct a test to confirm his opinion).

Moreover, expert opinion that merely presents the contentions of a party or its counsel is properly excluded because it is unreliable and does not assist the trier of fact. *Belofsky* v. *General Electric Co.*, 980 F. Supp. 818, 823 (D.V.I. 1997) (granting motion to exclude because

expert did little more than assume the truth of representations made by plaintiff's counsel). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a [] court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 519, 139 L.Ed.2d 508 (1997) (holding that exclusion of expert testimony was proper).

## II. DISCUSSION

As noted above, the Government relies upon the testimony of one of its proposed expert witnesses, Mr. Scott, to allocate all responsibility for delay as between BELL and the Government, including the assessment of liquidated damages for BELL's alleged failure to meet the interim milestones. Neither Mr. Scott nor Mr. Daigle should be permitted to testify about delay or liquidated damages.

### A. MR. SCOTT SHOULD NOT BE ALLOWED TO TESTIFY AND OFFER OPINIONS REGARDING DELAY OR LIQUIDATED DAMAGES

Mr. Scott should be precluded from testifying about delay and BELL's alleged liability for liquidated damages because his testimony does not meet the reliability standards set forth in Rule 702, *Daubert* and *Kuhmo*. By Mr. Scott's own admission, he failed to perform the necessary analysis to determine whether or not there was excusable delay that would preclude the assessment of liquidated damages for alleged failure to meet the fourteen (14) interim milestones. Specifically, Mr. Scott testified at his deposition that, in order to determine whether liquidated damages could properly be assessed against BELL for purportedly not meeting the interim milestones, it would be necessary to analyze the effect that Government changes had on BELL's performance of the work relating to each individual milestone. Mr. Scott, however, admitted that he did not perform any such analysis:

**Q. When the schedule was revised to establish the 14 milestone substantial completion dates, isn't it true that that revised schedule then contained multiple parallel critical paths to these individual substantial milestones?**

**A. Each milestone would have had a critical path to achieve that milestone.**

**Q. So based on that, isn't it true that any effect of changes issued after Modification 93 would need to examine the individual critical path to each milestone in order to determine whether or not excusable delay or compensable delay existed with respect to each particular milestone?**

**A. That's true.**

*** * ***

**I did not analyze each milestone. So I didn't come to an opinion as to what the delays were for each interim milestone.**

**Q. So if I understand your testimony, for each window you established, you did not analyze the effect any change had during that window on each individual milestone.**

**A. That's correct.**

*** * ***

**Q. Well, isn't it true that you would have to analyze the effect on each individual milestone to determine whether or not the contractor [BELL] is due an excusable delay for liquidated damages for that milestone?**

**A. That's correct.**

*See* Exhibit A, Scott Deposition Transcript ("Dep. Tr.") at p. 75, Line 20 – p. 76, Line 11; p. 76, Line 20 – p. 77, Line 5; and p. 77, Lines 9-14.

Thus, Mr. Scott admitted that the individual critical path to each of the fourteen (14) interim milestones had to be analyzed in order to determine whether or not excusable delay existed with respect to each particular milestone. He further admitted that he failed to perform

any such analysis. Given these admissions, Mr. Scott's testimony and opinions regarding delay and BELL's alleged liability for liquidated damages for purported failure to meet the interim milestones are inherently unreliable and should be excluded. Contrary to the requirements of Rule 702, Mr. Scott's opinions are not "based upon sufficient facts or data;" his testimony is not "the product of reliable principles and methods;" and he has not "applied the principles and methods reliably to the facts of the case."

Simply put, Mr. Scott's complete failure to perform the necessary analysis renders his opinions unreliable and irrelevant because they lack the objective and verifiable support required by Rule 702, and *Daubert*, *Kuhmo* and their progeny. Therefore, Mr. Scott should be precluded from testifying and offering opinions pertaining to delay and BELL's alleged liability for liquidated damages.

### B. MR. DAIGLE SHOULD NOT BE PERMITTED TO TESTIFY AND OFFER OPINIONS REGARDING DELAY OR LIQUIDATED DAMAGES

The Government's other proposed expert witness, Mr. Daigle, should also be precluded from testifying about delay and BELL's alleged liability for liquidated damages because his opinions regarding those issues are derived entirely from Mr. Scott. At his deposition, Mr. Daigle testified as follows:

> **Q. One of the matters you deal with in various parts of your report is about the delay on the project; correct? You make reference to the delay on the project.**
>
> **A. I believe I do, yes.**
>
> **Q. Just as a general matter, it's your colleague Mr. Scott who has done a delay analysis, not you; correct?**
>
> **A. Correct.**

**Q.** **And you rely on his report for making statements in your report about who, as between Bell and the Government, is responsible for delay; correct?**

**A.** **Yes, correct.**

**Q.** **And you did not do your own independent delay analysis, correct?**

**A.** **Correct.**

**Q.** **You simply rely on Mr. Scott for that part of your analysis; correct?**

**A.** **That's correct.**

**Q.** **In that regard, you accept Mr. Scott's opinions in toto; correct?**

**A.** **Absolutely.**

*See* Exhibit B, Daigle Dep. Tr. at p. 57, Line 16 – p. 58, Line 15.

Thus, Mr. Daigle's opinions regarding delay and BELL's alleged liability for liquidated damages are merely based entirely on Mr. Scott's opinions. Mr Daigle has not performed any independent analysis. Because Mr. Scott's opinions pertaining to delay and the assessment of liquidated damages should be precluded due to their inherent unreliability, Mr. Daigle should be precluded from offering testimony and opinions that simply parrot Mr. Scott.

## III. CONCLUSION

For the foregoing reasons, BELL respectfully moves the Court to preclude Mr. Scott and Mr. Daigle from testifying and offering any opinions pertaining to delay and liquidated damages.

Respectfully submitted,

BELL BCI COMPANY

By counsel,

Dated: June 25, 2007

/s/ Richard O. Wolf

Richard O. Wolf
Robert D. Windus
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-mail: r.wolf@mooreandlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2007, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on defendant's counsel:

Kyle Chadwick
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. 8th Floor
Washington, D.C. 20530

/s/ Richard O. Wolf