IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BELL BCI COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1613C<br>(Judge Wheeler) |

DEFENDANT'S PROPOSED CONCLUSIONS OF LAW

Pursuant to paragraph 2.d of the amended pretrial order, defendant, the United States, respectfully submits its "statement of the proposed conclusions of law that [it] believes will be established [at trial], along with the citation to the lead case(s) that [it] relies upon."

The trial will primarily, in our view, establish facts. The significance of those facts is, in turn, governed by legal principles, as to which trial testimony or evidence would not be relevant. Cf. RCFC App. A ¶ 14(a)(3) (requiring "discussion of the legal principles [party] contends are applicable, as well as [its] response to [other party's] anticipated legal position"). Accordingly, we respectfully expect to establish the applicable legal standards primarily in our briefs, rather than during the trial itself.

The following conclusions of law will govern the resolution of this case.

1. A contractor seeking relief from liquidated damages must establish both (i) the existence and (ii) the extent of excusable delay. Sauer Inc. v. Danzig, 224 F.3d 1340, 1347 (Fed. Cir. 2000); Central Ohio Bldg. Co., PSBCA No. 2742, 92-1 BCA ¶ 24,399.

2. The Government satisfies its initial burden with respect to liquidated damages simply by demonstrating that the number of days by which substantial completion was late justifies the amount of liquidated damages imposed. PCL Constr. Servs., Inc. v. United States, 53 Fed. Cl.

479, 484 (2002), aff'd mem. (Fed. Cir. 2004). The burden then shifts to the contractor to establish that its delay was partly or entirely excused. Sauer, 224 F.3d at 1347 ("We have affirmed the Board's finding that Sauer proved only two days of excusable delay. As a result, Sauer has not shown that it is entitled to a remission of liquidated damages greater than the remission already granted by the Board.") (emphasis added); Morganti Nat., Inc. v. United States, 49 Fed. Cl. 110, 132-40 (2001), aff'd mem. (Fed. Cir. 2002); Central Ohio, 92-1 BCA at 121,824 ("[T]he burden of going forward shifted to [the contractor] to show that any delays were excusable and that it should be relieved of all or part of the assessment.").

3. Provided the contractor offers evidence of excusable delay, defendant carries its burden by rebutting that evidence. Sauer, 224 F.3d at 347-48; Dean Constr. Co. v. United States, 188 Ct. Cl. 62, 411 F.2d 1238, 1241-45 (1969); PCL, 53 Fed. Cl. at 484.

4. Similarly, a contractor seeking damages for Government-caused delay "has the burden of proving the extent of the delay, that the delay was proximately caused by government action, and that the delay harmed the contractor." Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir.1994) (en banc). No damages can be recovered for "concurrent delay" attributable to both parties. William F. Klingensmith, Inc. v. United States, 731 F.2d 805, 809 (Fed. Cir. 1984).

5. A claim is extinguished by accord and satisfaction when "some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of his claim." O'Connor v. United States, 308 F.3d 1233, 1240 (Fed. Cir. 2002); accord Seeds & Derham v. United States, 92 Ct. Cl. 97, 110 (1941) ("Plaintiffs . . . consented to the modification of the contract and proceeded with the work.").

6. Accord and satisfaction is not a species of waiver. McLain Plumbing & Elec. Serv., Inc. v. United States, 30 Fed. Cl. 70, 79 (1993). Accordingly, no express language of release is required, and "the issue does not involve whether the parties agreed to a discharge of rights by release alone[,] or by an 'express release' accompanying an accord and satisfaction, but whether the parties agreed to the discharge of rights solely pursuant to an accord and satisfaction." Id.; accord Cannon Constr. Co. v. United States, 162 Ct. Cl. 94, 319 F.2d 173, 177 (1963) ("If plaintiffs had intended to leave a claim . . . open, their intention to do so should have been made manifest and explicit . . . .").

7. The Court will construe unambiguous contract terms according to their ordinary meaning, without reference to extrinsic or parol evidence. Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc); Hol-Gar Mfg. Corp. v. United States, 169 Ct. Cl. 384, 351 F.2d 972, 975 (1965). Extrinsic evidence is relevant only if the Court finds the contract ambiguous and, even then, may be used "only to supplement the agreement by consistent additional terms," not to vary the plain meaning. McAbee Constr., Inc. v. United States, 97 F.3d 1431, 1435 (Fed. Cir. 1996); (citing Sylvania Elec. Prods., Inc. v. United States, 198 Ct. Cl. 106, 458 F.2d 994, 1005 (1972), and Restatement (Second) of Contracts §§ 210 cmt. a, 213 cmt. c).

8. The 44 bilateral modifications to the contract that were executed between October 2, 2000 and April 5, 2001, numbered 93 through 140 – all of which contain an identical, unambiguous release, and no reservation of claims – bar Bell, as a matter of law, from recovering any damages or other compensation attributable, directly or indirectly, to any of the contract changes that are covered by any of those 44 modifications.

9. To recover damages pursuant to any provision of the contract, Bell "must show three necessary elements – liability, causation, and resultant injury." Servidone Constr. Corp. v. United States, 931 F.2d 860, 861 (Fed. Cir. 1991) (citing Wunderlich Contrg. Co. v. United States, 173 Ct. Cl. 180, 351 F.2d 956, 968 (1965)).

10. Bell is not entitled to any liquidated damages, or any damages for delay, or any other relief under the contract, apart from a credit against liquidated damages for the unpaid balance.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
by Todd M. Hughes
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7466

Attorneys for Defendant

July 6, 2007

CERTIFICATE OF FILING

I certify that on July 6, 2007, the attached document was filed by means of the Court's electronic filing system. I understand that service is complete upon filing.

s/Kyle Chadwick