# Exhibit B

C
81-1 BCA P 15104, GSBCA No. 5724, 1981 WL 7307 (G.S.B.C.A.)

GSBCA
Appeal of ROBERTS CONSTRUCTION CO. P. O. Box 17248 T.A. Denver, CO 80217

Contract No. GS-08B-78502 Granted
May 6, 1981

Appearance for Appellant

Mr. William R. Roberts

President

Roberts Construction Co.

P. O. Box 17248 T.A.

Denver, CO 80217

Appearance for

General Services Administration

Anthony L. Washington, Esq.

Claims and Litigation Division

Office of General Counsel

General Services Administration

Washington, DC 20405
Opinion by Administrative Judge LaBella

This appeal is taken from the contracting officer's final decision denying appellant's claim for an equitable adjustment in the amount of $14,538. We hold that appellant is not barred from recovering an undetermined amount notwithstanding prior equitable adjustments agreed to in prior contract modifications because the actions of the parties indicate that the modifications were not intended to be a final agreement regarding the equitable adjustments stated therein.

The parties have elected to have this appeal decided on the record pursuant to Board Rule 11, without a hearing. Appellant has requested an expedited procedure and since we view the appeal as involving an amount greater than $10,000 but less than $50,000, the Accelerated procedure in Board Rule 12.1(c) applies.

Findings of Fact

This construction contract was awarded appellant to perform alterations and extension of Building 1, Denver Federal Center, Denver, Colorado. Appeal File, Vol. II, Exhibits D, E. Performance was to be completed within 200 days from receipt of notice to proceed. Id., Exhibit B. Several extensions in the performance time were permitted for unusually severe weather conditions and for changes in the work ordered by the Government. Appeal File, Vol. I, Exhibit 9; Respondent's Brief, Exhibit A; Respondent's Supplement to Appeal File dated November 28, 1980. The contractor initially requested additional compensation ‘for 112 days extended overhead based upon time extensions already approved . . ..’ Appeal File, Vol. I, Exhibit 8. The contracting officer's final decision denied this request on the basis that monetary adjustments previously made by contract modifications which were executed by both parties constitute final and complete adjustments for the changes. Appeal File, Vol. I, Exhibit 4. On appeal to the Board, appellant reduced the number of days for which it claims ‘extended overhead’ costs. It no longer claims a monetary adjustment for time extensions granted for delay due to weather conditions nor does it claim adjustment for a one-day discrepancy in computing the total time extension previously permitted. Appellant also reduced its claim by $433, the total amount of overhead costs previously allowed by contract modification. The net effect is to reduce the claim to $11,509. Appeal File, Vol. I, Exhibit 2. (Appellant has further acknowledged the Government's assessment of liquidated damages in the amount of $4,355 but contends such assessment would be unfair unless it can recover its claim for ‘extended overhead’ work. Id.)

Discussion

Appellant's position is very straightforward. It argues that when the contract modifications were negotiated for the various changes, it was not certain that ‘extended overhead’ costs would be incurred and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

therefore it did not negotiate an adjustment for such costs. ('Extended overhead' costs are calculated by appellant on a composite daily cost basis of $129.80, which amount comprises eight specific cost items. Appeal File, Vol. I, Exhibit 8.) Appellant states that in communicating with the Construction Management Division of GSA, appellant indicated an intention to compute overhead expense for field personnel based upon work performed rather than anticipated work and it understood this to be acceptable. Moreover, appellant states it was aware of at least one prior instance where another contractor was permitted by the same contract division administering this contract to obtain such an equitable adjustment. Appellant's letter of December 29, 1980. We note, however, that appellant has not proved that post performance reassessment was standard practice of this contracting office.

Attached to respondent's brief is the contracting officer's affidavit stating that appellant did not request additional extended costs at the time contract modifications 1-12 were negotiated. That would appear consistent with appellant's position that it did not claim and possible costs because the parties understood a further modification would not be precluded.

Indeed, the record shows that this was the case in practice. Change Order Number 8, when executed on April 6, 1979, provided for a 14-day time extension to perform the extra work required therein. Respondent's Supplement to the Appeal File dated November 28, 1980. After the anticipated and unanticipated delay occasioned by this extra work had transpired, appellant requested an additional time extension and on June 11, 1979, the contracting officer granted an additional 42-day time extension. Respondent's Brief, Exhibit A. Appellant's attachment to its notice of appeal states that the initial contract modification for this contract change provided for $22 in overhead costs. It seems clearly unreasonable to hold the contractor to that amount of compensation for overhead where the time ultimately required and permitted to perform the extra work was increased to four times the amount of time originally permitted. Moreover, the Government's willingness to extend the performance time suggests that the parties did not intend the contract modifications to be a final settlement.

The Government argues that where a change order is accepted without protest it is considered a final agreement as to the equitable adjustment and the time extension stated therein, and is a ban to any further claim by the contractor, citing Dawson Construction Co., Inc., GSBCA 3998, 75-2 BCA ¶ 11,563, and Pittman Construction Co., GSBCA 4849, 4923, 81-1 BCA ¶ 14,847. The Government further argues that an intention to reserve any items for future claim must be clearly and explicitly expressed, citing Cannon Construction Co. v. United States, 162 Ct. Cl. 94, 319 F.2d 173 (1963). The cases cited by the Government are, however, distinguishable from this case.

Our opinion in Pittman, supra, rested on the evidence in that case, which established to the Board's satisfaction that the Government did not acquiesce in appellant's attempts to obtain two princings of a change, one for the costs only of changed work at the time the change was executed and a later one for impact costs after the contract was complete. On the facts of that case, the Board found that appellant had acquiesced in the contracting officer's position that all costs were to be included in the pricing proposals at the time the change orders were priced. Moreover, there is not an absolute requirement that a contractor affirmatively reserve its claim. The discussion in Pittman is careful to point out that a close examination of Dawson, supra, and William Passalagua Builders, Inc., GSBCA 4205, 77-1 BCA ¶ 12, 406, reveals that the ban to recovery in those cases is not as absolute as it may appear. See also Chantilly Construction Corporation, ASBCA 24138, 80-2 BCA ¶ 14, 863. It is unrealistic to expect a construction contractor always to be in a position to price forward a required change arising during the course of performance with full awareness of the impact the changes will have on the project. Of course, the parties could agree to do so.

In this case, the behavior of the parties belies the contracting officer's position that the monetary adjustments in the initial contract modifications constitute final and complete adjustments for those changes. As stated above, the record shows that notwithstanding contract modifications expressly providing for a time extension for required changes, a further substantial time extension was granted after completion of the change. Respondent's Brief, Exhibit A. It also indicates a tacit understanding between the parties that some cost elements were excluded from appellant's original pricing proposals. Such behavior of the parties negates any implication that a mutual agreement in full satisfaction of appellant's claim for equitable adjustment was reached. Blake Construction Company, Inc., GSBCA 4742, 80-2 BCA ¶ 14,756.

Decision

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Accordingly, we conclude that the contract modifications do not discharge appellant's claim for an equitable adjustment. Even though appellant now claims $11,509, we restrict our decision to the issue of entitlement since the contracting officer refused to consider appellant's claim for additional monies. We therefore remand the matter to the contracting officer for further consideration consistent with this decision and with the provisions of the contract for equitable adjustments.

VINCENT A. LaBELLA

Administrative Judge

We concur:

ROBERT E. LIEBLICH

Administrative Judge

LEONARD J. SUCHANEK

Administrative Judge

81-1 BCA P 15104, GSBCA No. 5724, 1981 WL 7307 (G.S.B.C.A.)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.