# Exhibit F

A. Hedenberg and Company v. St Luke's Hosp. of DuluthMinn.App.,1996.Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

A. HEDENBERG AND COMPANY, INC., Respondent,

v.

ST. LUKE'S HOSPITAL OF DULUTH, Appellant.

**No. C7-95-1683.**

April 2, 1996.

William D. Paul 1217 East First Street Duluth, MN 55805

Stephanie A. Ball Fryberger, Buchanan, Smith & Frederick, P.A. 302 West Superior Street, # 700 Duluth, MN 55802

Paul F. Schweiger Sieben, Grose, Von Holtum, McCoy & Carey 612 First Bank Place 130 West Superior Street Duluth, MN 55802

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

UNPUBLISHED OPINION

SCHUMACHER, Judge.

***1** Respondent A. Hedenberg and Company, Inc. (contractor) failed to meet the construction deadline on a new addition to the building of appellant St. Luke's Hospital of Duluth (hospital), and the hospital asserted a right to liquidated damages. On summary judgment motions, the district court held that (1) the assertion of a right to liquidated damages was a “claim” under a contract provision specifying procedures for “Claims and Disputes,” (2) the hospital failed to meet time limits for asserting claims and thus was barred from recovering liquidated damages, and (3) the hospital waived its right to enforce the completion date by requesting changes in construction and asking for extra work after the scheduled completion date had passed. We affirm.

FACTS

In July 1992, the hospital contracted with the contractor to build an addition to the hospital. The contract provides for a 240-day construction period, and specifies that if the work is not completed within that period, the contractor will pay the hospital $500 per day late as liquidated damages. There is some disagreement as to when the 240-day period had run, but for purposes of this opinion, we consider March 8, 1993, to be the correct scheduled completion date.[FN1]

FN1. Work began on July 10, 1992. The hospital asserts that the completion date was February 24, 1993, and the contract does specify that date in one location. Our calculations are in accord with the contractor's, however, indicating that the 240-day period ran through March 8, 1993. In addition, there is a memo in the record from the hospital's director of facilities indicating March 8, 1993 as the completion date.

The contract also includes a provision entitled “Claims and Disputes,” defining a “claim” as

a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, *payment of money,* extension of time or other relief with respect to the terms of the Contract. The term “Claim” also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be made by written notice.

(Emphasis added.) Under the contract, changes in the construction plans were to be made by change orders, a document prepared by the architect and signed by both parties. Ten change orders were executed, all at the hospital's request. All of them indicated that the contract time was to remain unchanged. Three were executed *after* the scheduled completion date, however. These three changes were substantial, increasing the total value of the contract nearly $50,000. One of the change orders, made on April 1, 1993, directed the contractor to line certain new operating rooms with lead shielding. Testimony in the record indicates that all involved in the administration of the project knew that such shielding was not readily available and would require additional time to obtain.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The project in this case was substantially completed on August 27, 1993. On September 7, after receiving the final payment request, the hospital claimed an entitlement to liquidated damages because the project was completed 180 days late and informed the contractor that it would be withholding $90,000 from future payments.

The hospital's director of facilities indicated both in his deposition and in an internal memorandum that at least some of the change orders would have warranted additional time had it been requested. The hospital now asserts, however, that because an extension was not requested, it is entitled to liquidated damages under the contract.

***2** Upon receipt ofthe hospital's assertion of a right to liquidated damages, the contractor served and filed a mechanics' lien statement and started a lien foreclosure action. The contractor first moved for a partial summary judgment order, arguing that the hospital's assertion of an entitlement to liquidated damages is a "claim" within the meaning of the contract and therefore is subject to the time limits of the "Claims and Disputes" provision. The district court granted this motion.

The contractor then moved for summary judgment on two grounds: (1) that the hospital's claim for liquidated damages is barred because it was not timely asserted under the "Claims and Disputes" provision; and (2) that the hospital waived the right to enforce the scheduled completion date because it requested change orders after that date. The district court granted the contractor's motion on both grounds. The hospital appeals.

DECISION

This court must consider two questions on appeals from summary judgments:
(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The evidence is to be viewed in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman*, 502 N.W.2d 422, 423-24 (Minn.App.1993).

1. The construction and effect of a contract are questions of law to be reviewed de novo on appeal. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn.1979). The terms of the contract are to be given their plain and ordinary meaning. *Id.* at 67.

The contract in this case defines "claim" very broadly. Giving the terms their plain and ordinary meaning, the hospital is making "a demand or assertion * * * seeking, as a matter of right, * * * payment of money." Indeed,the hospital's director of facilities used the word "claim" numerous times in referring to the hospital's attempt to assess liquidated damages. We conclude that the hospital's attempted assessment of these damages is a "claim" subject to the time limits contained in the "Claims and Disputes" provision of the contract.

Under the contract, written notice of all "claims" must be made
within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later.

The scheduled completion date for the construction project was March 8, 1993. The project was not in fact substantially completed until August 27, 1993. The hospital did not give written notice of its claim for liquidated damages until September 7, 1993.

The district court properly ruled that the hospital failed to provide the required notice of its claim. The hospital argues that the claim did not arise until the project was completed because that is the point at which damages could be fixed or determined. We disagree. The contract itself plainly allowed the hospital to begin withholding payments the moment the scheduled completion date had passed, which was on March 9, 1993. It is at that point that a "claim" arose.

***3** We also note that undisputed testimony by the project's architect established that the hospital discussed with him, and was contemplating a claim for, liquidated damages as early as October 12, 1992, five months before the scheduled completion date. Thus, the hospital was clearly aware of the possibility of liquidated damages immediately upon the contractor's failure to complete the project by the due date.

We affirm the district court's ruling that the hospital's claim for liquidated damages is barred because it

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

failed to give written notice within the time period provided for in the contract.

2. Where a party to a contract treats the contract as still in force even though it is not performed within the time agreed, it waives the right to enforce the default. *Malmquist v. Peterson*, 149 Minn. 223, 226, 183 N.W. 138, 140 (Minn.1921); *see also* *Old Mill Printers v. Kruse*, 392 N.W.2d 621, 623 (Minn.App.1986) ("[a] party can waive a condition by receiving further performance from the other party, with knowledge that the condition has not been performed").

The contractor quotes a Texas case with facts similar to the present one that we find instructive:
The owner may waive or extend the time within which a building contract is to be performed by the contractor. The waiver or extension may be implied as well as express. What acts or omissions will constitute a waiver, depends on the nature and the circumstances of each case. If, after the time for completion of the work has expired, and the owner assents to the continuance of the work without objection to the delay, he will be deemed to have waived the provision as to time of performance.

*Ryan v. Thurmond*, 481 S.W.2d 199, 206 (Tex.Civ.App.1972) (citations omitted).

Here, it is undisputed that the hospital executed three change orders after the scheduled completion date. One of these, requiring lead shielding to be installed, was made with knowledge that the materials were not readily available. There can be no doubt that the hospital realized at that point that the completion time had been delayed and would be delayed even further by the requested changes.

The hospital points to the fact that on these change orders, the contractor affirmatively noted that the completion date was to remain unchanged and thus argues that the contractor should be held to the originally scheduled completion date. We can only speculate as to why that is the case, but the date had plainly passed and the changes were at the hospital's request. It is beyond our comprehension that the contractor would agree to make those changes yet still be liable for the delay. As the district court stated,
by the the Hospital action of asking for extras, knowing that completion of such would run beyond the completion date of the contract, and giving some change orders after [that] date * * *, they had waived their right to enforce the completion date and the resulting retention of monies for failure to complete on time.

***4** Affirmed.

Minn.App.,1996.
A. Hedenberg and Company v. St Luke's Hosp. of Duluth
Not Reported in N.W.2d, 1996 WL 146732 (Minn.App.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.