IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BELL BCI COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-1613C** |
| | ) | **Judge Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S IDENTIFICATION OF**
**PERTINENT CONTRACT CLAUSES AND REGULATIONS**

Pursuant to the Court's Amended Pretrial Order, the plaintiff, BELL BCI Company ("BELL"), respectfully submits its Identification of Pertinent Contract Clauses and Regulations that are relevant to the Court's determination in this matter. The contract at issue in this case, in which BELL is the general contractor and the Defendant is the project owner, is dated March 26, 1998 and is known as Contract No. 263-98-C-0102 (the "Contract"). On October 2, 2000, the parties executed Modification No. 93 ("Mod. 93") to the Contract. The following are the pertinent clauses at issue.

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section F – Deliveries or Performance** | **1. FAR 52.211-10 COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR. 1984)**<br><br>The Contractor shall be required to (a) commence work under this contract within 10 calendar days after the date the Contractor receives the Notice to Proceed, (b) prosecute the work diligently, and (c) complete the entire work ready for use not later than eight hundred and twenty one (821) calendar days, following Notice to Proceed. The time stated for completion shall include final cleanup of the premises. |
| **Mod. 93, Paragraph 2** | Revise Contract Section F, paragraph 1 to reflect a contract completion date of April 30, 2001 and substantial completion milestones of [14 dates identified]. |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section F – Deliveries or Performance** | **2. FAR 52.211-12 LIQUIDATED DAMAGES CONSTRUCTION (APR 1984)**<br><br>(a) If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages the sum of three thousand, seven hundred, and twenty one dollars (3,721.00) for each day of delay.<br><br>(b) If the Government terminates the Contractor's right to proceed, the resulting damage will consist of liquidated damages until such reasonable time as may be required for final completion of the work together with any increased costs occasioned the Government in completing the work.<br><br>(c) If the Government does not terminate the Contractor's right to proceed, the resulting damage will consist of liquidated damages until the work is completed or accepted. |
| **Mod. 93, Paragraph 3** | Revise Contract Section F Paragraph 2 to reflect liquidated damages of ($3,721/14=) $266 for each calendar day of delay to each of the aforementioned 14 milestones. |
| **Mod. 93, Paragraph 4** | Increase the contract amount by $2,296,963 ($4,100,000 - $1,803,037 from Mod 77) as full and equitable adjustment for the remaining direct and indirect costs of the Floor 4 Fit-out (EWO 240-R1) and full and equitable adjustment for all delays resulting from any and all Government changes transmitted to the Contractor on or before August 31, 2000. |
| **Mod. 93, Paragraph 5** | This agreement does not in any way affect entitlement to the direct cost of performance of any disputed changes. It does, however, incorporate the time impact of any disputed changes issued on or before August 31, 2000. |
| **Mod. 93, Paragraph 8** | The modification agreed to herein is a fair and equitable adjustment for the Contractor's direct and indirect costs. This modification provides full compensation for the changed work, including both Contract cost and Contract time. The Contractor hereby releases the Government from any and all liability under this Contract for further equitable adjustment attributable to the Modification. |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section H – Special Contract Requirements** | **8. PROPOSAL SUBMISSION DUE TO CHANGES**<br><br>(a) The Contractor shall submit a proposal for all changes in the work within 30 days from the effective date of the change order or request for proposal. With each proposal for a change involving an increase or decrease in the amount of the contract, the Contractor shall submit separately an itemized breakdown that will include but not be limited to the following:<br><br>(1) Material quantities and unit price. (Separated into trades)<br>(2) Labor Costs (Separate into labor classifications and hourly rates)<br>(3) Construction Equipment<br>(4) Workmen's Compensation<br>(5) Overhead<br>(6) Profit<br>(7) Employment taxes under FICA, FUTA and SUTA<br>(8) Bond (Prime Contractor only)<br>(9) Sales Tax<br>(10) Direct Performance Time of Change<br>(11) Impact on Schedule, if any.<br>(12) Impact Costs, if any.<br><br>(b) In considering proposals for changes involving added work, omitted work, or any combination thereof, estimates will be checked in detail by the NIH, utilizing unit prices where specified or agreed upon, with the view of arriving at equitable adjustments.<br><br>(c) When the necessity to proceed with a change does not allow sufficient time to properly check a proposal, or because of failure to reach an agreement, NIH may direct the Contractor to proceed immediately with the work.<br><br>(d) Proposals and breakdown should be submitted as promptly as possible, but in no event later than 30 days.<br><br>(e) All proposals shall be submitted in accordance with the requirements of FAR 15.4. Should a proposal cost exceed $500,000 or is required for a lesser |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section H – Special Contract Requirements (Paragraph 8 Cont'd)** | amount at the direction of the contracting officer for a change, certified cost or pricing data should be submitted in a format which satisfies the requirements of FAR 15.4. When certified cost or pricing data are required, the contractor shall submit an executed Certificate of Current Cost or Pricing Data (FAR 15.406.2) as soon as practicable after price agreement is reached.<br><br>(f) Allowable overhead, profit, and percentages are given below. These percentages shall be limited to three tiers only and shall be considered to include, but not limited to, all insurance other than FICA, FUTA, SUTA and Workmen's Compensation, field and office supervisors, assistants, and clerical personnel, use of small tools, incidental job burdens, and general office expense. Incidental job burdens include, but are not limited to review and coordination, and estimating and expediting relative to contract changes that are associated with field and office supervision.<br><br>No percentages for overhead and profit shall be allowed on FICA, FUTA or SUTA.<br><br>The percentages of overhead to be allowed by the Contracting Officer will be 10% for all contract changes performed by prime contractor personnel and 5% for all contract change work performed by subcontract personnel. The percentage for profit to be allowed by NIH will vary according to the nature, risk, extent, and complexity of work involved, but in no case shall exceed 10%. Percentages for overhead and profit will be as follows:<br><br>Overhead / Profit<br><br>To subcontractors and/or To the Contractor for work Performed with his own forces — 10% — 1% - 10%<br><br>To Contractor on work performed By other than his own forces … — 5% — 1% - 5% |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section H – Special Contract Requirements (Paragraph 8 Cont'd)** | The percentage of profit is to be negotiated. The burden is on the contractor to propose and justify to the government the percentage of profit to be paid on each modification to the contract.<br><br>On proposals involving increases and decreases in the amount of the contract, overhead and profit will be allowed on the net increases only. On net decreases, corresponding overhead and profit will be deducted. |
| **Contract, Section H – Special Contract Requirements Paragraph 8** | **<u>Time Extension</u>**:<br><br>(g) When the contractor submits a change proposal without including a corresponding Time Impact Analysis meeting the requirements of the pertinent Specification Section, the Contractor acknowledges that the particular change order, modifications, delay or Contract request does not require an extension of the contract time (or milestone) and the Contractor shall not thereafter be entitled to request or receive any such extension(s). |
| **Contract, Section H – Special Contract Requirements Paragraph 8** | **<u>Delay and Impact Costs</u>**:<br><br>(h) Any proposal for delay and impact costs that is not submitted within 60 days after completion of the work identified in the change will not be considered. This requirement is in addition to the scheduling updates required for construction of the project. If there are circumstances which prevent the contractor from ascertaining delay for impact during this time, a status update, including but not limited to a critical path analysis, shall be submitted within this time and at 60 day intervals thereafter, explaining why the contractor cannot yet know the extent of the impact. If this is not done, a claim for delay will not be considered unless special circumstances are shown. This requirement is necessary to enable the government to respond to any claims for delay in light of conditions then current. |

| CONTRACT/REGULATION | TEXT |
| --- | --- |
| **Contract, Section I – Contract Clauses** | **5. FAR 52.252-2 CLAUSES INCORPORATED BY REFERENCE**<br><br>**53.243-4 CHANGES (Over $100,000) (AUG 1987)**<br><br>(a) The Contracting Officer may, at any time, without notice to the sureties, if any, by written order designate or indicated to be a change order, make changes in the work within the general scope of the contract, including changes –<br><br>(1) In the specifications (including drawings and designs);<br>(2) In the method or manner of performance of the work;<br>(3) In the Government-furnished facilities, equipment, materials, services, or site; or<br>(4) Directing acceleration in the performance of the work.<br><br>(b) Any other written or oral order (which, as used in this paragraph (b), includes direction, instruction, interpretation, or determination) from the Contracting Officer that causes a change shall be treated as a change order under this clause; *provided*, that the Contractor gives the Contracting Officer written notice stating (1) the date, circumstances, and source of the order and (2) that the Contractor regards the order as a change order.<br><br>(c) Except as provided in this clause, no order, statement, or conduct of the Contracting Officer shall be treated as a change under this clause or entitle the Contractor to an equitable adjustment.<br><br>(d) If any change under this clause causes an increase or decrease in the Contractor's cost of, or the time required for, the performance of any part of the work under this contract, whether or not changed by any such order, the Contracting Officer shall make an equitable adjustment and modify the contract in writing. However, except for an adjustment based on defective specifications, no adjustment for any change under paragraph (b) of this clause shall be made for any costs incurred more than 20 days before the Contractor gives written notice as |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section I – Contract Clauses (53.243-4 Cont'd)** | required. In the case of defective specifications for which the Government is responsible, the equitable adjustment shall include any increased cost reasonably incurred by the Contractor in attempting to comply with the defective specifications.<br><br>(e) The Contractor must assert its right to an adjustment under this clause within 30 days after (1) receipt of a written change order under paragraph (a) of this clause or (2) the furnishing of a written notice under paragraph (b) of this clause, by submitting to the Contracting Officer a written statement describing the general nature and amount of proposal, unless this period is extended by the Government. The statement of proposal for adjustment may be included in the notice under paragraph (b) above.<br><br>(f) No proposal by the Contractor for an equitable adjustment shall be allowed if asserted after final payment under this contract. |
| **Contract, Section I – Contract Clauses** | **52.243-5 CHANGES AND CHANGED CONDITIONS ($50,000-$100,000) (APR 1984)**<br><br>(a) The Contracting Officer may, in writing, order changes in the drawings and specifications within the general scope of the contract.<br><br>(b) The Contractor shall promptly notify the Contracting Officer, in writing, of subsurface or latent physical conditions differing materially from those indicated in this contract or unknown unusual physical conditions at eh site before proceeding with the work.<br><br>(c) If changes under paragraph (a) or conditions under paragraph (b) increase or decrease the cost of, or time required for performing the work, the Contracting Officer shall make an equitable adjustment (see paragraph (d)) upon submittal of a "proposal for adjustment" (hereafter referred to as proposal) by the Contractor before final payment under the contract.<br><br>(d) The Contracting Officer shall not make an equitable |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **Contract, Section I – Contract Clauses (53.243-5 Cont'd)** | adjustment under paragraph (b) unless –<br><br>(1) The Contractor has submitted and the Contracting Officer has received the required written notice; or<br>(2) The Contracting Officer waives the requirement for the written notice.<br><br>(e) Failure to agree to any adjustment shall be a dispute under the Disputes Clause. |
| **SECTION I – CONTRACT CLAUSES** | **2. FAR 52.232-27 PROMPT PAYMENT FOR CONSTRUCTION CONTRACTS (June 1997)**<br>(a) Invoice payments.<br>…<br>(3) *Interest penalty*. An interest penalty shall be paid automatically by the designated payment office, without request from the Contractor, if payment is not made by the due date and the conditions listed in subdivisions (a)(3)(i) through (a)(3)(iii) of this clause are met, if applicable. However, when the due date falls on a Saturday, Sunday, or legal holiday when Federal Government offices are closed and Government business is not expected to be conducted, payment may be made on the following business day without incurring a late payment interest penalty.<br><br>(i) A proper invoice was received by the designated billing office.<br><br>(ii) A receiving report or other Government documentation authorizing payment was processed and there was no disagreement over quantity, quality, Contractor compliance with any contract term or condition, or requested progress payment amount.<br><br>(iii) In the case of a final invoice for any balance of funds due the Contractor for work or services performed, the amount was not subject to further contract settlement actions between the Government and the Contractor. |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **FEDERAL ACQUISITION REGULATION** | **FAR 52.242-14 SUSPENSION OF WORK**<br><br>(a) The Contracting Officer may order the Contractor, in writing, to suspend, delay, or interrupt all or any part of the work of this contract for the period of time that the Contracting Officer determines appropriate for the convenience of the Government.<br><br>(b) If the performance of all or any part of the work is, for an unreasonable period of time, suspended, delayed, or interrupted (1) by an act of the Contracting Officer in the administration of this contract, or (2) by the Contracting Officer's failure to act within the time specified in this contract (or within a reasonable time if not specified), an adjustment shall be made for any increase in the cost of performance of this contract (excluding profit) necessarily caused by the unreasonable suspension, delay, or interruption, and the contract modified in writing accordingly. However, no adjustment shall be made under this clause for any suspension, delay, or interruption to the extent that performance would have been so suspended, delayed, or interrupted by any other cause, including the fault or negligence of the Contractor, or for which an equitable adjustment is provided for or excluded under any other term or condition of this contract.<br><br>(c) A claim under this clause shall not be allowed—<br><br>(1) For any costs incurred more than 20 days before the Contractor shall have notified the Contracting Officer in writing of the act or failure to act involved (but this requirement shall not apply as to a claim resulting from a suspension order); and<br><br>(2) Unless the claim, in an amount stated, is asserted in writing as soon as practicable after the termination of the suspension, delay, or interruption, but not later than the date of final payment under the contract. |
| **FEDERAL ACQUISITION REGULATION** | **52.233-1 DISPUTES – (OCT 1995)**<br><br>(a) This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613). |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **FEDERAL ACQUISITION REGULATION (Cont'd)** | (b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause.<br><br>(c) Claim, as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 is not a claim under the Act until certified. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act. The submission may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.<br><br>(d)(1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.<br><br>(d)(2)(i) Contractors shall provide the certification specified in subparagraph (d)(2)(iii) of this clause when submitting any claim exceeding $100,000.<br><br>(ii) The certification requirement does not apply to issues in controversy that have not been submitted as all or part of a claim.<br><br>(iii) The certification shall state as follows: "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor45."<br><br>(3) The certification may be executed by any person duly authorized to bind the Contractor with respect to the claim. |

| CONTRACT/REGULATION | TEXT |
|---|---|
| **FEDERAL ACQUISITION REGULATION (Cont'd)** | (e) For Contractor claims of $100,000 or less, the Contracting Officer must, if requested in writing by the Contractor, render a decision within 60 days of the request. For Contractor-certified claims over $100,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made.<br><br>(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in the Act.<br><br>(g) If the claim by the Contractor is submitted to the Contracting Officer or a claim by the Government is presented to the Contractor, the parties, by mutual consent, may agree to use alternative dispute resolution (ADR). If the Contractor refuses an offer for ADR, the Contractor shall inform the Contracting Officer, in writing, of the Contractor's specific reasons for rejecting the offer.<br><br>(h) The government shall pay interest on the amount found due and unpaid from (1) the date that the Contracting Officer receives the claim (certified, if required); or (2) the date that payment otherwise would be due, if that date is later, until the date of payment. With regard to claims having defective certifications, as defined in (FAR) 48 CFR 33.201, interest shall be paid from the date that the Contracting Officer initially receives the claim. Simple interest on claim shall be paid at the rate, fixed by the Secretary of the Treasury as provided in the Act, which is applicable to the period during which the Contracting Officer receives the claim and then at the rate applicable for each 6-month period as fixed by the Treasury Secretary during the pendency of the claim.<br><br>(i) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal or action arising under the contract, and comply with any decision of the Contracting Officer. |

Respectfully submitted,

BELL BCI COMPANY

By counsel,

Dated: July 6, 2007

/s/ Richard O. Wolf

Richard O. Wolf
Robert D. Windus
Kristen A. Bennett
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-mail: r.wolf@mooreandlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2007, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on defendant's counsel:

Kyle Chadwick
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. 8th Floor
Washington, D.C. 20530

/s/ Richard O. Wolf
Richard O. Wolf