IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BELL BCI COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1613C<br>(Judge Wheeler) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Pursuant to the Court's Rules and Federal Rule of Evidence 702, defendant, the United States, responds to the motion in limine filed by plaintiff, Bell BCI Company, on June 25, 2007. Bell seeks to preclude the Government's expert witnesses, Ted M. Scott and Colin A. Daigle, from testifying concerning "delay [or] liquidated damages." Pl. Mot. 8. Bell's motion lacks merit, as it reflects fundamental misunderstandings of (i) the burdens of proof regarding liquidated damages; (ii) the nature of the liquidated damages calculation performed by the agency and confirmed by Mr. Scott; (iii) the purpose of Mr. Scott's analysis of delay on the project; and (iv) the nature and purpose of Mr. Daigle's expert analysis with regard to damages.

1. "[T]he whole purpose of including liquidated damages clauses in contracts is to avoid litigation over damages." DJ Mfg. Corp. v. United States, 33 Fed. Cl. 357, 361 (1995), aff'd, 86 F.3d 1130 (Fed. Cir. 1996). A contractor agrees – as Bell did in the original Building 50 contract and again, with new interim completion milestones, in contract modification 93 – to pay the Government a certain sum per day for late completion. It is no more complicated than that. A substantial completion date later than the contract completion date – and that fact alone – entitles the Government to recover under the plain meaning of the liquidated damages clause, unless Bell can prove that liquidated damages should not be assessed.

Accordingly, as we established in our proposed conclusions of law, filed on July 6, 2007, the Government need not offer at trial any critical path delay analysis, in order to satisfy our initial burden with respect to liquidated damages, or to rebut Bell's claim for delay damages. Although the liquidated damages issue and Bell's claim for delay damages share some common elements, the analysis appropriate to each differs significantly. Bell's claim for delay damages relates to the overall delay in project completion. Accordingly, Mr. Scott analyzed whether the Government was responsible for the overall delay past the contractual completion date. Although we bear no burden of proof as to Bell's claim for delay damages, Mr. Scott's analysis substantiates that the Government is responsible for no more than 32 days of the delay in the completion of Building 50. Bell, in its motion, conspicuously does not even mention Mr. Scott's overall delay analysis. Instead, conflating apples and oranges, Bell simply argues that Mr. Scott's analysis is insufficient to demonstrate the Government's entitlement to liquidated damages – which is a separate issue, with different elements of proof.

To prove that liquidated damages were improperly assessed, Bell must establish both (i) the existence and (ii) the extent of excusable delay. Sauer Inc. v. Danzig, 224 F.3d 1340, 1347 (Fed. Cir. 2000); Central Ohio Bldg. Co., PSBCA No. 2742, 92-1 BCA ¶ 24,399. The Government satisfies its initial burden concerning liquidated damages simply by showing that the number of days by which substantial completion was late justifies the amount of liquidated damages imposed. PCL Constr. Servs., Inc. v. United States, 53 Fed. Cl. 479, 484 (2002), aff'd mem. (Fed. Cir. 2004). The facts already stipulated by the parties, together with the substantial completion dates for each of the 14 individual project completion milestones, which are set forth in our statement of contested facts at paragraph 3.3, and will be established at trial, are sufficient

to demonstrate the United States' entitlement to liquidated damages for every day by which Bell missed any of the individual milestones. No expert testimony is necessary.

The burden will thus reside with Bell, pursuant to established precedent, to establish by critical path analysis that its delay past any milestone date was excused. Sauer, 224 F.3d at 1347 ("We have affirmed the Board's finding that Sauer proved only two days of excusable delay. As a result, Sauer has not shown that it is entitled to a remission of liquidated damages greater than the remission already granted by the Board.") (emphasis added); Morganti Nat., Inc. v. United States, 49 Fed. Cl. 110, 132-40 (2001), aff'd mem. (Fed. Cir. 2002); Central Ohio, 92-1 BCA at 121,824 ("[T]he burden of going forward shifted to [the contractor] to show that any delays were excusable and that it should be relieved of all or part of the assessment."). Provided Bell offers evidence of excusable delay, we will carry our burden with respect to liquidated damages by rebutting Bell's delay analysis. Sauer, 224 F.3d at 347-48; Dean Constr. Co. v. United States, 188 Ct. Cl. 62, 411 F.2d 1238, 1241-45 (1969); PCL, 53 Fed. Cl. at 484.

According to Bell, "Mr. Scott admitted [sic] that the individual critical path to each of the fourteen (14) interim milestones had to be analyzed in order to determine whether or not excusable delay existed with respect to each particular milestone." Pl. Mot. 5. That is exactly correct – but, as noted, it is Bell that must present those 14 individual analyses at trial. (The great irony of Bell's motion is that its own expert, Mr. Brannon, failed to do this correctly.)

Because Bell, not the Government, bears the burden to establish excusable days of delay to avoid liquidated damages, Mr. Scott's analysis was not intended to distinguish between excusable and compensable delay with regard to the 14 individual milestones. Given the respective burdens of proof, we had no reason to conduct, for our affirmative case concerning

liquidated damages, the milestone-by-milestone analysis Bell argues is lacking. To recover liquidated damages, we need only present – as Mr. Scott's report does – a straightforward calculation of the days by which the milestones were missed, i.e., the difference between the contract milestone dates and the substantial completion dates for those milestones. It is up to Bell to prove either that we are mistaken as to the substantial completion dates, see J. Cibinic, Jr. & R. Nash, Jr., Administration of Government Contracts 1061-63, 1066-67 (3d ed. 1995), or that the dates are correct, but Bell's delay was partly or entirely excusable. E.g., Dean Constr., 411 F.2d at 1241; Northern Va. Elec. Co. v. United States, 230 Ct. Cl. 722, 723 (1982) (per curiam); Central Ohio, 92-1 BCA at 121,824.

Mr. Scott reduced the quantum of liquidated damages to take into account 32 days of excusable delay in overall project completion – i.e., the last of the 14 milestones – to which he concluded Bell is entitled. Bell neglects to mention that Mr. Scott noted, in the very same exchange cited by Bell from his deposition, that his analysis is sufficient to distinguish between compensable and excusable delay with regard to the final milestone, project completion. Scott Dep. 77. At the same time, this does not mean that Mr. Scott intended for his analysis to satisfy Bell's burden of proof, with regard to either liquidated damages or excusable delay in general. Bell not only misconstrues the purpose of Mr. Scott's delay analysis, it misunderstands the nature of his liquidated damages calculation. Properly understood, both the delay analysis and the liquidated damages arithmetic are amply sufficient to support the Government's case, and there is no basis to bar Mr. Scott from testifying about those subjects.

2. Similarly, to recover damages for Government-caused delay, Bell "has the burden of proving the extent of the delay, that the delay was proximately caused by government action, and

that the delay harmed the contractor." Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir.1994) (en banc). No damages can be recovered for "concurrent delay" attributable to both parties. William F. Klingensmith, Inc. v. United States, 731 F.2d 805, 809 (Fed. Cir. 1984). Mr. Scott concluded, and explained in his rebuttal expert report, that Bell's expert failed, among other things, to exclude concurrent delay and, therefore, failed to establish any delay compensable to Bell.

As an initial matter, as noted above, Bell does not even address Mr. Scott's analysis of overall project delay, or Mr. Scott's rebuttals to Mr. Brannon's opinions concerning overall delay. Therefore, there cannot be even a colorable basis to bar Mr. Scott from delivering testimony concerning (i) Bell's claim for damages for the delay in completing the project, or (ii) his specific criticisms of Bell's expert's efforts to show compensable delay.

3. Moreover, as it is Bell's burden to establish compensable days of delay in order to recover any delay damages, Bell's argument with respect to the Government's other expert, Mr. Daigle, is difficult to understand, at best. Mr. Daigle is a certified public accountant. He will address issues of quantum, including whether Bell's job cost records support its various damages claims. As Mr. Daigle tried to explain to Bell's counsel at his deposition, it was never his role to "perform[] any independent analysis" regarding whether compensable delay can be established, nor does his expert report purport to analyze delay. Pl. Mot. 7. To preclude Mr. Daigle from "offering testimony and opinions that simply parrot Mr. Scott" is pointless. Id. His testimony is not offered for that purpose. Mr. Daigle's quantum analysis augments, and is largely independent of, Mr. Scott's delay analysis. The source of Bell's confusion here may be

that it imprudently relies upon a single expert witness – who is not an accountant, and did not consult significantly with any accountants for this case – to address both delay and cost issues.

CONCLUSION

For the reasons given above, the Court should deny Bell's motion in limine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
by Bryant G. Snee
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7466

Attorneys for Defendant

July 11, 2007

CERTIFICATE OF FILING

I certify that on July 11, 2007, the attached document was filed by means of the Court's electronic filing system. I understand that service is complete upon filing.

s/Kyle Chadwick