**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BELL BCI COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-1613C** |
| | ) | **Judge Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT WITNESSES REGARDING DELAY AND ALLEGED LIABILITY FOR LIQUIDATED DAMAGES**

BELL BCI Company ("BELL") respectfully submits this Reply Memorandum in Support of its Motion *In Limine* to Exclude Testimony of Defendant's Proposed Expert Witnesses Regarding Delay and Alleged Liability for Liquidated Damages (the "Motion" or "Motion *In Limine*").

## I. SUMMARY

BELL's Motion seeks to exclude the testimony and opinions of the two expert witnesses proffered by the Government, Mr. Ted Scott and Mr. Colin Daigle, regarding delay and BELL's alleged liability for liquidated damages.[1] BELL's initial Memorandum noted that Mr. Scott stated (i) that each interim milestone established by the contract had an individual critical path which would have to be analyzed in order to determine if there was excusable delay that would preclude the assessment of liquidated damages for failing to meet a particular milestone, and (ii)

[1] For purposes of clarification, BELL's references to excluding testimony and opinions regarding delay refer to the delay associated with the interim milestones established by the Contract.

that he did not perform any such analysis. Accordingly, BELL moved that Mr. Scott should be precluded from testifying and offering opinions about delay and BELL's alleged liability for liquidated damages, and that Mr. Daigle, who admitted that his opinions regarding delay and BELL's alleged liability for liquidated damages were based entirely upon Mr. Scott's opinions, should likewise be precluded from testifying and offering opinions about those matters.

In its Opposition, the Government concedes that Mr. Scott made the foregoing admissions. *See* Government Opposition at 3. The Government, however, wrongly contends that Mr. Scott's admitted failure to perform the necessary analysis should not bar him, nor Mr Daigle, from testifying about delay and BELL's alleged liability for liquidated damages, because BELL will bear the burden of proof with regard to excusable delay. *Id*.[2] Whether Messrs. Scott and Daigle may testify about delay and liquidated damages has nothing to do with BELL's burden of proof. Rather, as a matter of law, Messrs. Scott and Daigle may testify only if their testimony meets the requirements of Fed.R.Civ.P. 702, and the interpretive standards articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L.Ed.2d 238 (1998). Because it is now undisputed that the necessary delay analysis was not performed, BELL submits that neither Mr. Scott nor Mr. Daigle should be permitted to testify or offer opinions regarding delay and BELL's alleged liability for liquidated damages.

---

[2] The Government also states that "[n]o expert testimony is necessary" to demonstrate its entitlement to liquidated damages. Government's Opposition at 3.

## II. DISCUSSION

### A. WHETHER THE GOVERNMENT'S PROPOSED EXPERTS MAY TESTIFY IS DETERMINED BY RULE 702, NOT BY THE BURDEN OF PROOF TO ESTABLISH A CLAIM FOR LIQUIDATED DAMAGES

The Government's Opposition argues at length about the burden of proof required for liquidated damages claims. The Government's argument misses the point. Whether the testimony and opinions of the Government's proposed experts shall be excluded is determined by application of Rule 702, not the burden of proof for establishing entitlement to liquidated damages. The Government's argument may have force in the context of a motion for summary judgment, but it has none in the instant Motion, which is brought under Rule 702.[3]

In order to satisfy Rule 702, the testimony and opinions of the Government's proposed experts must be reliable and, therefore, based on more than speculation. *See e.g.*, *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795. Likewise, "opinion evidence which is connected to existing data only by the ipse dixit of the expert" is not admissible. *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 519, 139 L.Ed.2d 508 (1997) (holding that exclusion of expert testimony was proper).

---

[3] BELL is constrained to point out that the Government's presentation of the burden of proof is flawed. As a matter of law, "[t]he government has 'the ultimate burden of persuasion as well [as] the initial burden of going forward to show that the contract was not completed by the agreed contract completion date and that liquidated damages were due and owing.'" *PCL Construction Services, Inc. v. United States*, 53 Fed. Cl. 479, 484 (2002) (citation omitted). "The government may meet its initial burden by showing that 'the contract performance requirements were not substantially completed by the contract completion date and that the period for which the assessment was made was proper.'" *Id*. at 484 (citation omitted). "The general rule . . . that, once the government has met its initial burden of going forward, the contractor must prove excusable delays to be relieved of all or part of the liquidated damages assessed, has <u>not</u> been applied, however, when the government has contributed to the delay of the completion of the contract." *Id*. (emphasis added).

During discovery, the Government identified Messrs. Scott and Daigle as the sole witnesses for the Government with regard to allocation of delay and delay costs. Specifically, the Government stated:

> **. . . you should be aware that the agency - as distinct from the United States in its litigating capacity, represented by the Department of Justice - has formed very few pertinent conclusions with respect to delays.**
> *** * ***
> **The Government's current position, which we have developed in litigation, regarding the specific allocation of excusable and unexcused delay, and the corresponding delay costs, has been explained by our experts in their reports, and will presumably be further explained during the experts' depositions.**

*See* Exhibit ("Exh.") A, Letter from Government's Counsel dated January 13, 2005. When BELL took the deposition of the Government's Fed.R.Civ.P. 30(b)(6) designee, he confirmed that the Government relied entirely upon its experts with regard to these issues. *See* Exh. B, Government's Rule 30(b)(6) Designee Deposition Transcript ("Dep. Tr.") at p. 8, Lines 1-17.

Thus, with regard to "the specific allocation of excusable and unexcused delay, and the corresponding delay costs," the Government relies exclusively upon the testimony and opinions of Messrs. Scott and Daigle. The Government's reliance, however, is misplaced. Rule 702 expressly states that, in order to be admissible, testimony must be "based upon sufficient facts or data," and that the proposed expert must have "applied the principles and methods reliably to the facts of the case." By his own admission, Mr. Scott neither analyzed nor applied the facts necessary to determine the cause of delay for any of the milestones.

As noted above, it is undisputed that Mr. Scott testified that the critical path to each milestone "had to be analyzed in order to determine whether or not excusable delay existed with respect to each particular milestone." Government's Opposition at 3. It is also undisputed that Mr. Scott admitted that he did not perform any such analysis. *See* Exh. C, Scott Dep. Tr. at p. 75, Line 20 – p. 76, Line 22. As Mr. Scott testified:

> **I did not analyze each milestone. So I didn't come to an opinion as to what the delays were for each interim milestone.**

*Id.*, Scott Dep. Tr. at p. 76, Lines 20-22. He further testified that he did not analyze the effect that any of the changes made by the Government to BELL's work had on each individual milestone. *Id.*, Scott Dep. Tr. at p. 77, Lines 1-5. Hence, he did not determine whether the Government contributed to the delay in achieving the milestones. *Cf.*, *PCL Construction Services*, 53 Fed. Cl. at 484 (stating that general rule regarding the burden of proof shifting to contractor to prove excusable delay does not apply when the Government contributes to delay).

In sum, the Government proffered Mr. Scott as an expert witness regarding the allocation of excusable and unexcused delay, and the alleged costs of delay. Manifestly, he did not analyze or apply the facts needed to establish reasonably reliable opinions regarding those issues. Therefore, pursuant to Rule 702, Mr. Scott should not be permitted to testify or offer opinions regarding delay and BELL's alleged liability for liquidated damages.

### B. MR. DAIGLE SHOULD NOT BE PERMITTED TO TESTIFY OR OFFER OPINIONS CONCERNING DELAY OR ALLEGED LIABILITY FOR LIQUIDATED DAMAGES BECAUSE HE RELIED ENTIRELY UPON MR. SCOTT

The Government asserts that it "is difficult to understand" BELL's position that Mr. Daigle should be precluded from testifying about delay and BELL's alleged liability for liquidated damages. *See* Government's Opposition at 5. The Government's assertion is risible. As shown above, the Government represented in writing that it was relying on its "experts" – plural – and their "reports" – again, plural – to show "the specific allocation of excusable and unexcused delay, and the corresponding delay costs." *See* Exh. A, Letter from Government's Counsel dated January 13, 2005. Thus, heretofore, the Government has identified Mr. Daigle as one of its two witnesses to address the issues of unexcused delay and costs.

Consistent with the Government's written representation, Mr. Daigle testified that his report expressed opinions about delay that were based *in toto* on Mr. Scott's opinions. *See* Exh. D, Daigle Dep. Tr. at p. 57, Line 16 – p. 58, Line 15. Accordingly, Mr. Scott's opinions are the foundation upon which Ms. Daigle builds his opinions regarding the quantum of alleged delay costs and liquidated damages. The Government's contention that "Mr. Daigle's quantum analysis augments, and is largely independent of, Mr. Scott's delay analysis" is incorrect. *See* Government's Opposition at 5. Rather, Mr. Daigle's "quantum analysis" is utterly intertwined with Mr. Scott's "delay analysis," because Mr. Daigle depends entirely upon Mr. Scott to try to establish the periods of excusable and inexcusable delay. Given that Mr. Scott failed to perform the necessary analysis, Mr. Daigle should not be allowed to offer testimony and opinions that are derived entirely from that deficient analysis.

## III. CONCLUSION

For the foregoing reasons, BELL respectfully moves the Court to preclude Mr. Scott and Mr. Daigle from testifying and offering opinions pertaining to delay and liquidated damages.

Respectfully submitted,

BELL BCI COMPANY

By counsel,

Dated: July 23, 2007

s/ Richard O. Wolf

Richard O. Wolf
Robert D. Windus
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-mail: r.wolf@mooreandlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2007, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on defendant's counsel:

Kyle Chadwick
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. 8th Floor
Washington, D.C. 20530

s/ Richard O. Wolf