# **Exhibit A**

U.S. Department of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 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

Telephone: (202) 305-7561
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

January 13, 2005

BY FACSIMILE AND MAIL

Richard O. Wolf
Moore & Lee, LLP
1750 Tysons Blvd., Suite 1450
McLean, VA 22102-4225

Re: Bell BCI Co. v. United States,
Fed. Cl. No. 03-1613C

Dear Mr. Wolf:

This letter continues our recent correspondence regarding discovery. First, this case seems to be subject to more than its share of unfortunate events: I learned yesterday that Barbara Taylor's mother passed away earlier in the week and that, as a result, Ms. Taylor will be unable to help us complete our interrogatory responses until next week. I will get our responses to you as quickly as I can, but, once again, I have little choice but to ask you for additional time. I expect to provide our responses no later than Friday, January 21.

Second, with regard to your RCFC 30(b)(6) topics, we continue to object to number 18 as overly broad and unduly burdensome. I am amenable to jointly contacting the Court by telephone about that issue, at a mutually convenient time. As for topic number 12, we will designate a witness, but you should be aware that the agency - as distinct from the United States in its litigating capacity, represented by the Department of Justice - has formed very few pertinent conclusions with respect to delays. I expect our RCFC 30(b)(6) witness to testify that (1) Bell did not complete the project on schedule, (2) the agency does not believe it is at fault, to any substantial degree, and (3) Bell's now-superseded REA did not change the agency's opinion.

The Government's current position, which we have developed in litigation, regarding the specific allocation of excusable and

unexcused delay, and the corresponding delay costs, has been explained by our experts in their reports, and will presumably be further explained during the experts' depositions. The primary purpose of RCFC 30(b)(6) is to permit parties to discover facts from one another, without having to guess which deponents would be most knowledgeable about particular issues. RCFC 30(b)(6) should not be used as a substitute for expert discovery, and an agency witness cannot be expected to testify regarding ultimate merits issues that can be meaningfully addressed only through expert review, analysis, and testimony. I look forward to discussing these matters further with you.

Sincerely,

KYLE CHADWICK
Trial Attorney
Civil Division
Commercial Litigation Branch

cc: D. Kornreich
K. Jordan, HHS