# Exhibit C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - - - x

BELL BCI COMPANY, :

Plaintiff, :

vs. : No. 03-1613C
: (Judge Wolski)

THE UNITED STATES OF AMERICA, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - x

McLean, Virginia

Friday, January 28, 2005

Deposition of **TED M. SCOTT**, called for examination by counsel for the plaintiff, pursuant to notice, at the office of Robert D. Windus, Esq., Moore & Lee, LLP, 1750 Tysons Boulevard, Suite 1450, McLean, Virginia, before Laurel P. Platt, a Registered Diplomate Reporter and a Notary Public in and for the State of Virginia, beginning at 10:03 a.m., when were present on behalf of the respective parties:

Q You agree with me that before Modification No. 93, we had one completion date, and it was tied to one liquidated damage amount for each day late.
A Correct.
Q Modification 93 established 14 individual milestones, and each milestone had a separate liquidated damage amount associated with the milestones; correct?
A Correct.
Q Prior to Modification No. 93, there were no interim substantial milestones that existed that were tied to liquidated damages; correct?
A That's correct.
Q When the schedule was revised to establish 14 substantial completion dates for each milestone, or actually one substantial completion date for the 14 -- let me try and rephrase that. You know what I'm trying to say.
A Right.
**Q When the schedule was revised to establish the 14 milestone substantial completion dates, isn't it true that that revised schedule then contained**

**multiple parallel critical paths to these individual substantial milestones?**

**A Each milestone would have had a critical path to achieve that milestone.**

**Q So based on that, isn't it true that any effect of changes issued after Modification 93 would need to examine the individual critical path to each milestone in order to determine whether or not excusable delay or compensable delay existed with respect to each particular milestone?**

**A That's true.**

Q In referencing page 77, all the way at the end is a table of planned versus actual substantial completion dates for each milestone. Am I correct in understanding that for each milestone under the substantial completion milestone dates, it does not have an asterisk on it in your table here? You have reached an opinion that Bell is solely responsible for all delays to that milestone.

**A I did not analyze each milestone. So I didn't come to an opinion as to what the delays were for each interim milestone.**

**Q So if I understand your testimony, for each window you established, you did not analyze the effect any change had during that window on each individual milestone.**

**A That's correct.**

**Q Your analysis instead focused solely on the effect of the final substantial completion milestone.**

**A That's true.**

**Q Well, isn't it true that you would have to analyze the effect on each individual milestone to determine whether or not the contractor is due an excusable delay for liquidated damages for that milestone?**

**A That's correct.**

**Q So without doing that analysis, would you agree with me that you could not determine whether or not the contractor is in fact due an excusable delay to any of the milestones?**

**A Other than the overall one, that's correct.**

Q Okay. Now, if I understand windows -- can we go off the record?

(Discussion off the record.)