# In the United States Court of Federal Claims

No. 03-1613C

(Filed: July 24, 2007)

****************************************** *
*
BELL BCI COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
****************************************** *

ORDER

On June 25, 2007, Plaintiff filed a motion *in limine* to exclude the testimony of Defendant's proposed expert witnesses, Mr. Ted Scott and Mr. Colin Daigle. This case concerns the construction of a laboratory research building known as "NIH Building 50" on the campus of the National Institute of Health in Bethesda, Maryland. Trial is scheduled to begin on August 6, 2007. Plaintiff relies upon Rule 702 of the Federal Rules of Evidence, and the principles set forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999). Briefly summarized, Plaintiff argues that the contract as amended established 14 interim milestone dates leading to project completion, and assigned liquidated damages of $266.00 per day for each day that an individual milestone was not met. Each of the 14 interim milestones had an individual critical path schedule that Mr. Scott admittedly has not analyzed in determining whether Defendant is entitled to liquidated damages, or whether excusable delays preclude the Government from assessing liquidated damages. Mr. Daigle, a certified public accountant, is expected to address issues of quantum, and has adopted Mr. Scott's analysis of schedule delay.

Defendant has filed a July 11, 2007 opposition to Plaintiff's motion, arguing that Plaintiff bears the burden of proof to establish excusable or compensable delay, and that the

Government is not required to perform a critical path analysis of the 14 interim milestones. Plaintiff also has filed a July 23, 2007 reply in support of its motion. Upon careful review of the parties' positions, the Court notes that "the rejection of expert testimony is the exception rather than the rule," and that "Daubert did not work a 'seachange over federal evidence law' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" Fed. R. Evid. 702, Advisory Committee Notes (citing United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi, 80 F.3d 1074, 1078 (5th Cir. 1996)). While Plaintiff's contentions ultimately may be worthy of due consideration, it is preferable for the Court to hear the testimony of expert witnesses, to subject the experts' opinions to cross-examination, and thereby to evaluate the weight and credibility to be accorded to each. Accordingly, Plaintiff's motion *in limine* to exclude the testimony of Defendant's proposed expert witnesses is DENIED.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge