# APPENDIX B: LIQUIDATION DOCUMENTATION

BELL

# CHANGE ORDER

ORIGINAL

| 2115 9004 | |
|---|---|
| CHANGE ORDER NO. | 20 |

TO:

Young Electrical Contractors, Inc.

913 Olney Sandy Spring Road

Sandy Spring, MD 20860

| | |
|---|---|
| Project Name | NIH Bldg 50 |
| Project No. | C42115 |
| Requisitioner | Steve Ruether |
| Date | 10/22/2007 |
| Page | 1 |

**INSTRUCTIONS & CONDITIONS**

1. ALL THE TERMS AND CONDITIONS OF THE ORIGINAL AGREEMENT PERTAIN TO THIS CHANGE ORDER.
2. THE ACKNOWLEDGEMENT COPY OF THIS CHANGE ORDER MUST BE SIGNED AND BOTH COPIES RETURNED WITHIN 10 DAYS OF RECEIPT. AN EXECUTED COPY WILL BE RETURNED TO YOU.
3. EWO NUMBERS MUST BE REFERENCED ON ALL BILLINGS.

CURRENT P.O. AMOUNT $ 9,936,203.00

| COST DISTRIBUTION | DESCRIPTION OF CHANGE | AMOUNT |
|---|---|---|
| | Subcontractor to provide all labor, material, equipment and supervision associated with the following: | |
| | Add the Following: | |
| 15.300.900401.S | Final change order to fully settle all outstanding claims for the NIH Building 50 contract between Bell BCI Company and Young Electrical Contractors, Inc. in accordance with the settlement agreement herein attached as Attachment A. | $ 480,000.00 |
| | This change order represents full and final settlement for time and money for the work required in this change, including all delays, labor inefficiency and other impact costs associated with this change. The subcontractor hereby releases the contractor from any and all liability under this subcontract for further equitable adjustment attributed to such factors or circumstances giving rise to this modification. | |

COPY

| | |
|---|---|
| Subcontractor Acceptance: [signature] | Bell Acceptance: Bell BCI |
| Authorized Individual: [signature] | Authorized Individual: [signature] |
| Title: Vice President | Title: President |
| Date: 11/9/07 | Date: 11/13/07 |

TOTAL $ 10,416,203.00

# ATTACHMENT A TO CHANGE ORDER NO. 20

WHEREAS, on or about April 8, 1998, BELL BCI Company ("BELL") and Young Electrical Contractors, Inc. ("Young") entered into a written subcontract ("Subcontract") pursuant to which Young was to perform certain electrical work on a construction project for the United States of America ("Owner") for the construction of a project at the National Institutes of Health in Bethesda, MD, known as Building 50 ("Project"); and

WHEREAS, United States Fidelity & Guaranty Company ("USF&G") as surety, issued a payment bond ("Bond") to BELL, as principal, for work performed on the Project; and

WHEREAS, on or about April 1, 2002, Young submitted to BELL a request for an equitable adjustment stating that it had incurred damages of $2,430,568.00 ("Young's REA"); and

WHEREAS, BELL passed through Young's REA to the Owner's Contracting Officer who in turn denied the same; and

WHEREAS, Young filed an action against BELL and USF&G in the United States District Court for the District of Maryland in an action styled as *United States of America for the use and benefit of Young Electrical Contractors, Inc.* v. *United States Fidelity & Guaranty Company and BELL BCI Company*, No. 02-2756 ("Litigation"), asserting claims in five (5) Counts as set forth in the Amended Complaint; and

WHEREAS, on November 14, 2003, BELL and Young entered into a Liquidating Agreement pursuant to which Counts I, II, III and IV of Young's Amended Complaint in the Litigation were dismissed with prejudice and Count V was stayed; and

WHEREAS, BELL and Young has decided to resolve all remaining disputes between them arising out or relating to the Project and/or the Subcontract, including all claims and

counterclaims that were raised or could have been raised in the Litigation between them according to the following terms and conditions:

1. Young will execute Change Order No. 20 and this Attachment A and return same to BELL. In return, BELL will pay Young $480,000.00 by check on or before November 12, 2007.

2. Within seven (7) days of receipt of the payment referred to in ¶ 1, Young will prepare and file on behalf of all parties a Stipulation of Dismissal With Prejudice of all claims and counterclaims in the Litigation.

3. Excluding only warranty items and/or latent defects, BELL and Young mutually release each other from any further claims, counterclaims or causes of action arising out of or relating to the Litigation and/or the Subcontract. BELL and Young represent that neither is aware of any warranty items and/or latent defects. Young also releases USF&G from any further claims or causes of action arising out of or relating to the Bond and/or the Litigation.

4. Young unconditionally assigns to BELL any and all proceeds that may be recovered pursuant to Young's REA that was passed through to the Owner. Any monies recovered relating to Young's REA shall be retained by BELL. It is the intent of the parties not to release the Owner from liability for any portion of Young's REA.

5. If requested to do so, and at no cost to BELL, Young shall cooperate with BELL in BELL's litigation against the Owner in the United States Court of Federal Claims.

6. Each party shall bear its own legal fees and costs.

7. The persons signing below are duly authorized to execute this Attachment A.

ACCEPTED:

Young Electrical Contractors, Inc.

By: [signature]

Dated: 11-9-07

ACCEPTED:

BELL BCI Company

By: [signature]

Dated: 11-13-07