**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BELL BCI COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-1613C** |
| | ) | **Judge Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S BILL OF COSTS**

Pursuant to RCFC 54, Plaintiff Bell BCI Company ("BELL"), by counsel, hereby submits its memorandum setting forth the grounds and authorities supporting its request for the clerk to tax costs in favor of BELL. BELL's Bill of Costs is filed simultaneously herewith. On April 22, 2008, the Court entered judgment in favor of BELL and awarded to BELL damages in the amount of $6,200,672 plus interest from April 5, 2002 until the date of payment (the "Judgment"). The Judgment also awarded BELL costs. The following are the categories of taxable costs incurred by BELL in the above-captioned case. The total of the taxable costs in this matter to which BELL is entitled is $31,150.77.

## I. FEES OF THE CLERK

Pursuant to 28 U.S.C. §1920(1), a judge or clerk of any court of the United States may tax as costs fees of the clerk. Attached hereto as Exhibit A is a copy of the check in the amount of $150.00 paid on behalf of BELL to the "Clerk, U.S. Court of Federal Claims" in order to institute and maintain the above-captioned case. Counsel billed this cost to BELL.

## II. FEES OF THE REPORTER FOR ALL OR ANY PART OF THE TRIAL OR HEARING TRANSCRIPT

### A. TRIAL TRANSCRIPT

"The court has discretion to tax the costs of transcripts from court proceedings when (1) the transcripts are necessarily obtained for use in the case, and (2) the cost is reasonable." *ACE Construction v. United States*, 81 Fed. Cl. 161, 170 (2008). *See also*, 28 U.S.C. §1920(2). This case was the subject of a six day trial before the Court from October 15 - 22, 2007. On October 22, 2007, the Court ordered that the parties submit post-trial briefs on or before December 31, 2007 and required that the briefs contain specific citations to the record. Therefore, BELL obtained a copy of the full trial transcript from Heritage Reporting Corporation ("Heritage"), the court reporting service present for the trial. The complete transcript was necessary to prepare the required post-trial briefs. Heritage charged BELL the standard rate for the transcript. Counsel paid the fee charged by Heritage in the amount of $6,640.00 and billed that amount to BELL. The documents demonstrating the charges incurred by BELL and paid to Heritage for the trial transcripts discussed herein are attached hereto as Exhibit B-1.

### B. PRE-TRIAL CONFERENCE TRANSCRIPT

In addition to the trial transcript, BELL also necessarily incurred costs for the transcript prepared by Heritage of the final pre-trial conference held in this matter.[1] In this hearing, the court addressed issues pertaining to lay and expert witness testimony, motions *in limine* and trial exhibits which were important to BELL's preparation for trial. Therefore, BELL obtained a copy of the transcript of the conference from Heritage. Heritage charged BELL the standard rate

[1] The trial was originally scheduled to begin in August, 2007. Therefore, on August 1, 2007, the first final pre-trial conference was held. Shortly thereafter the trial was continued due to the serious illness of BELL's principal, Mr. Thomas Bell, who was to provide testimony at trial. The trial was rescheduled to begin in October, 2007. Therefore, the second final pre-trial conference was held on October 10, 2007. BELL only seeks the cost of the transcript for the first pre-trial conference.

for the transcripts. Counsel paid the fees charged by Heritage in the amount of $70.00 for the August 1, 2007 hearing transcript and billed that amount to BELL. *See* Exhibit B-2.

## III. COSTS FOR DUPLICATION OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE

Pursuant to 28 U.S.C. §1920 (4), a judge or clerk of any court of the United States may tax as costs fees for "copies of papers necessarily obtained for use in the case." In this case, BELL necessarily incurred fees for duplication of documents it used during the course of the trial to prove the case upon which it prevailed and further necessarily incurred fees for duplication of documents it obtained in the course of discovery for use in the case.

### A. TRIAL EXHIBITS

At the trial of this matter, BELL submitted 1,511 exhibits, a majority of which consisted of multiple pages, contained in approximately 20 binders plus numerous oversized exhibits. Moreover, certain of the exhibits, including a 216 page exhibit about which BELL's expert, Mr. Patrick Brannon, testified at length during trial, were color documents. The Court required that three sets of all of the exhibits be submitted in addition to the set submitted to the Defendant and the set for use by BELL's counsel. All of BELL's exhibits were admitted at trial. The cost of reproducing these exhibits for use at trial was $12,588.03. Particularly in light of the volume and complexity of the exhibits, this cost is reasonable. Counsel paid the fees charged by the copy vendors and billed that amount to BELL. The documents demonstrating the charges incurred by BELL and paid to various vendors for the duplication costs discussed herein are attached hereto as Exhibit C-1. The number of copies, total pages and cost per page are set forth in the documents attached as Exhibit C-1.

### B. DISCOVERY MATERIALS

BELL obtained documents pursuant to discovery requests to the Defendant as well as pursuant to subpoenas issued to third party witnesses such as the Defendant's construction manager and architect for the subject project. BELL necessarily obtained copies of certain of the documents it reviewed from these sources in order to prepare for depositions and to prepare for trial. The cost of duplicating these documents from the files of the entities that produced them was $7,601.67. Particularly in light of the volume of the documents obtained, this cost is reasonable. Counsel paid the fees charged by the copy vendors and billed that amount to BELL. The documents demonstrating the charges incurred by BELL and paid to various vendors for the duplication costs discussed herein are attached hereto as Exhibit C-2. The number of copies, total pages and cost per page are set forth in the documents attached as Exhibit C-2.

## IV. COSTS INCIDENT TO TAKING OF DEPOSITIONS

Pursuant to 28 U.S.C. §1920, a judge or clerk of any court of the United States may tax as costs those costs incident to the taking of depositions that are reasonably necessary to the case.

### A. THOMAS BELL

As mentioned above, Mr. Thomas Bell fell gravely ill shortly before the trial was scheduled to begin. Therefore, Mr. Bell's testimony for trial was preserved by video-taped deposition taken in Rochester, New York on September 5, 2007. The video was presented in the course of the trial. Counsel paid the costs and fees to travel to Rochester, New York, which required air travel and hotel stay, the fees for a videographer, the fees for a court reporter, and the fees to obtain a transcript and video tape of the deposition and billed those amounts to BELL. The documents demonstrating the reasonable charges incurred by BELL and paid to various

vendors incident to the taking of Mr. Bell's deposition, which total $1,204.57 as set forth below, are attached hereto as Exhibit D-1.

| | |
|---|---|
| Air Travel from Washington, D.C. to Rochester, N.Y. (United Airlines) | $458.80 |
| Parking | $72.00 |
| Hotel (Courtyard Rochester) | $190.77 |
| Court Reporter Fee | $183.00 |
| Videographer Fee | $300.00 |
| TOTAL: | $1,204.57 |

**B. OTHER DEPOSITIONS**

During the course of discovery in this matter, BELL took the depositions of certain key witnesses including the contracting officer, Barbara Taylor, the Defendant's Rule 30(b)(6) designee, Frank Kutlak, the representative of the Defendant's construction manager, Brian Temme, as well as the Defendant's expert witnesses, Colin Daigle and Ted M. Scott. All of these depositions were necessary for BELL's preparation of its case, including its summary judgment motion and motions *in limine*, and were necessary in the preparation of BELL's cross examination of witnesses at the trial. Counsel paid the fees charged by court reporter Platt & Dawson, Inc. for copies of the transcripts of these depositions in the total amount of $2,504.90 and billed that amount to BELL. These fees were reasonable and within industry standards.

Additionally, the Defendant took the depositions of BELL's corporate representative, Jeremy Bardin, and BELL's expert witness, Patrick Brannon. BELL obtained copies of the transcripts of these depositions as well. Obtaining these transcripts was necessary to prepare the witnesses for trial. Moreover, portions of Mr. Bardin's transcript were used as an exhibit in BELL's summary judgment motion and portions of Mr. Brannon's deposition transcript were used in BELL's post-trial brief. Counsel paid the fees charged by court reporter Ace Federal for

copies of the transcripts of these depositions in the total amount of $391.60 and billed the amount to BELL. These fees were reasonable and within industry standards.

The documents demonstrating the charges incurred by BELL and paid to Platt & Dawson, Inc. and Ace Federal for the transcripts discussed herein are attached hereto as Exhibit D-2.

## V. CONCLUSION

As set forth above, all of the costs set forth in BELL's Bill of Costs were necessarily incurred for the prosecution of this matter and were reasonable. Given that BELL prevailed in the trial of this matter and further given that the Court expressly awarded BELL its costs in the Judgment entered on April 22, 2008, BELL respectfully requests that the costs set forth in its Bill of Costs in the total amount of $31,150.77 be taxed in favor of BELL immediately.

Respectfully submitted,

BELL BCI COMPANY

By counsel,

Dated: May 21, 2008

/s/ Richard O. Wolf

Richard O. Wolf
Kristen A. Bennett
MOORE & LEE, LLP
1650 Tysons Boulevard, Suite 1150
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-mail: r.wolf@mooreandlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2008, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on defendant's counsel:

Kyle Chadwick
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. 8th Floor
Washington, D.C. 20530

/s/ Richard O. Wolf
Richard O. Wolf